THE STATE OF OHIO, APPELLEE, *v.* LAMBROS, APPELLANT.

(No. 54744—Decided December 19, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Kathleen S. Peterson,* for appellee.

*Arthur P. Lambros* and *David L. Doughten,* for appellant.

MITROVICH, J. On December 11, 1986, defendant-appellant Louis P. Lambros was indicted for bribery and theft in office. He pled not guilty at his arraignment.

After a period of discovery, defendant appeared in court on August 10, 1987, withdrew his previously entered plea of not guilty, and entered a plea of guilty to theft in office. The bribery charge was dismissed, and defendant was referred for a presentence investigation.

On November 5, 1987, defendant appeared for sentencing and made an oral motion to withdraw his guilty plea because he had been led to believe that he would be put on probation. Defendant's attorney acknowledged that he had told defendant that if the court did not give him probation, defendant would be permitted to withdraw his plea. The court denied it had ever made such representations to anyone, and defense counsel indicated that he had heard it from a third person who had talked to the judge.

The trial court denied defendant's motion to withdraw his guilty plea and sentenced him to one year's imprisonment. He now appeals, assigning two errors for review.

Assignment of Error No. I:
"The trial court abused its discretion by denying appellant's motion to withdraw his guilty plea and thereby deprived appellant of his rights to a trial by jury and to due process of law under the Ohio and United States Constitutions."

Generally, a motion to withdraw a guilty plea filed before sentencing will

be freely allowed. *State* v. *Peterseim* (1980), 68 Ohio App. 2d 211, 22 O.O. 3d 341, 428 N.E. 2d 863. This does not mean, however, that a motion to withdraw a guilty plea will be granted automatically.[1] A mere change of heart, for instance, is insufficient justification. *State* v. *Walton* (1981), 2 Ohio App. 3d 117, 2 OBR 131, 440 N.E. 2d 1225.

When the court denies a presentence motion to withdraw a guilty plea, appellate review is limited to a determination of whether the trial court abused its discretion. *State* v. *Meade* (May 22, 1986), Cuyahoga App. No. 50678, unreported; *State* v. *Posta* (1988), 37 Ohio App. 3d 144, 524 N.E. 2d 920, syllabus. Abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157, 16 O.O. 3d 169, 173, 404 N.E. 2d 144, 149.

At the time he entered his guilty plea, appellant acknowledged that no promises or threats were made to induce his plea and he understood the possible sentencing consequences. It appears from the record that appellant attempted to withdraw his plea before sentencing only because defense counsel became aware that appellant would be sentenced to a period of incarceration.

It seems that a defendant who has a change of heart regarding his guilty plea should not be permitted to withdraw that plea just because he is made aware that an unexpected sentence is going to be imposed. *Peterseim, supra,* at 213, 22 O.O. 3d at 342, 428 N.E. 2d at 865. Otherwise, defense counsel merely has to allege that the defendant's plea was induced by some underlying "mistaken belief" that the defendant would receive probation and the plea would be vacated. Cf. *State* v. *Longo* (1982), 4 Ohio App. 3d 136, 140, 4 OBR 228, 232, 446 N.E. 2d 1145, 1149.

In this case, the trial court was satisfied that no representations had been made regarding appellant's sentence. Coupled with appellant's admitted understanding of the possible sentence and his express denial of any promises or threats at the time he entered his plea, there was no basis for appellant's "mistaken belief" that his plea was conditioned on receiving probation.

The trial court did not abuse its discretion in refusing appellant's presentence motion to withdraw his guilty plea.

The first assignment of error is overruled.

Assignment of Error No. II:

"Defense counsel improperly induced appellant's plea and thereby deprived appellant of his constitutionally guaranteed right to effective assistance of counsel and to his right to a trial by jury."

Appellant cites *State* v. *Blatnik* (1984), 17 Ohio App. 3d 201, 203, 17 OBR 391, 394, 478 N.E. 2d 1016, 1020, which stated:

"There is also authority which suggests that under certain circumstances, erroneous advice of counsel regarding the sentence which is to be imposed may result in manifest injustice. In [*United States* v. *Becklean* (C.A. 8, 1979), 598 F. 2d 1122], the Eighth Circuit stated that if a guilty plea is entered *solely* because of erroneous advice, [or] if the erroneous advice plays a substantial part of inducement for the guilty plea, manifest injustice may result. *Becklean, supra,*

---

[1] Consideration must be given to the facts that (1) the state's witnesses have been released, (2) the prosecutor is engaged in another case, and (3) the court must interrupt and rearrange its calendar to try a case that had been amicably handled.

at 1125. Also, it has been held that if a guilty plea is entered pursuant to counsel's representation, as opposed to counsel's likely prediction, that such a plea would result in a lesser sentence than the sentence actually received, it is necessary to permit post-sentence withdrawal of the guilty plea in order to prevent manifest injustice. * * *" (Citation omitted.)

Although defense counsel acknowledged advising appellant that he could withdraw his plea if the court did not grant probation, we do not believe this was the inducement for appellant's entering his guilty plea in the first place.

Defense counsel had succeeded in having the bribery charge dismissed and appellant knowingly, intelligently and voluntarily entered his guilty plea to the theft in office charge. Appellant indicated that he was satisfied with his legal representation. As already indicated, it appears appellant was attempting to withdraw his plea at sentencing when defense counsel got wind that appellant would be incarcerated.

Under these circumstances, any defense counsel could move to vacate a guilty plea based upon a "grave misunderstanding"[2] that the defendant would receive probation and claim the plea was induced by that representation. If the plea is vacated, defendant avoids imprisonment (at least for the time being). If the plea is not vacated (as in the instant case), the ineffective assistance of counsel argument is right there in the record by counsel's own admission.

This "strategy" not only reduces the entire plea acceptance procedure under Crim. R. 11(C)(2)(a) into a rote recitation of futility, but it bespeaks the competence and effectiveness of defense counsel.

However, we cannot countenance the circumvention of Crim. R. 11, especially since any underlying agreement made in entering a guilty plea must appear on the record. Crim. R. 11(F).

Accordingly, we hold that under the facts and circumstances of this case, there was no manifest injustice in the trial court's refusing to vacate appellant's guilty plea and appellant was not denied his effective assistance of counsel.

The second assignment of error is overruled.

*Judgment affirmed.*

NAHRA, P.J., and PARRINO, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, and PAUL H. MITROVICH, J., of the Court of Common Pleas of Lake County, sitting by assignment.