OPINION
Defendant, Michael Moore, appeals from his conviction and sentence for aggravated robbery, T.C. Case No. 98CR431.
Moore, age sixteen, was charged in juvenile court with aggravated robbery and aggravated burglary. A firearm specification was attached to each charge. Moore was subsequently bound over from juvenile court to the general division of the court of common pleas pursuant to R.C. 2151.26(B)(4)(b).
Moore was indicted on the same charges. A plea agreement was reached with the State whereby it agreed to dismiss the aggravated burglary charge in exchange for Moore's guilty pleas to the aggravated robbery charge and specification and his promise to testify against a co-defendant, Joseph Rucker. Moore entered a plea of guilty on that basis on December 7, 1998. A presentence investigation was ordered and sentencing was set for January 28, 1999.
On January 27, 1999, Moore, now represented by different counsel, filed a Crim.R. 32.1 motion to withdraw his guilty plea. Moore subsequently testified that his prior counsel's actions and advice had caused him to conclude that a guilty plea was his only option. He testified that his counsel had told Moore and his family that he did not want to take the case to trial and had encouraged Moore to cooperate with the State. Moore's prior counsel corroborated those assertions, stating that his strategy had been to obtain lenient treatment for Moore in exchange for his cooperation and may have been a mistake.
Moore also pointed out that his prior counsel had not sought discovery of the State's case against him and had not moved to suppress a confession that Moore gave to police shortly after his arrest. The latter omission was particularly significant, according to Moore, because the only other evidence connecting Moore to the crime directly was the testimony of the victim, who was unable to identify Moore as the perpetrator at the bind-over hearing in juvenile court.
After considering the evidence presented, the trial court denied Moore's motion to withdraw his plea, stating:
 "Where the argument is that an attorney has failed to maintain the standard required for the proper representation of a client, the defendant bears the burden of showing that not only has the attorney fallen below that standard, but, also, that the defendant has been prejudiced by that failure."
Moore was sentenced to serve a mandatory term of three years on the firearm specification and three years on the aggravated robbery offense, the terms to run consecutively for a total of six years. Moore filed a timely notice of appeal.
 ASSIGNMENT OF ERROR THE TRIAL COURT PREJUDICIALLY ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEA OF GUILT.
Motions to withdraw pleas of guilty or no contest are governed by Crim.R. 32.1, which states:
 A Motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Crim.R. 32.1 authorizes a court to vacate a conviction entered on a plea of guilty or no contest that a defendant subsequently requests leave to withdraw. "Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects." State v. Hartzell (Aug. 20, 1999), Montgomery App. No. 17499, unreported at p. 2. Further, like Civ.R. 60(B), the movant is not required to demonstrate an error of law or abuse of discretion to obtain relief requested.
"A `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably open to him or her." Id. Therefore, the standard applicable to a motion to withdraw a guilty or no contest plea which is filed after sentence is imposed demands a showing of extraordinary circumstances. State v. Smith (1977),49 Ohio St.2d 261.
No standard is set out in Crim.R. 32.1 for motions to withdraw a guilty or no contest plea which is filed before sentence is imposed. It has been held that such motions should be "fully allowed." State v. Xie (1992), 62 Ohio St.3d 521, 523;State v. Peterseim (1980), 68 Ohio App.2d 211; State v. Lambros
(1988), 44 Ohio App.3d 102. That direction implies a much lower standard, one which creates a preference for a defendant's exercise of his right to trial as opposed to the need to protect the integrity of the plea process.
From the trial court's statement concerning its reason for denying Moore's motion to withdraw his plea, it is clear that the court employed the standard for claims of ineffective assistance of counsel set out in Strickland v. Washington (1984),466 U.S. 668. That standard requires two showings; first, that counsel's performance fell below that required by prevailing professional norms, and, second, that the defendant was prejudiced as a result.Id. See also, State v. Bradley (1989), 42 Ohio St.3d 136.
The standard for ineffective assistance of counsel claims weighs heavily against the relief sought. "Judicial scrutiny of counsel's performance must be highly deferential." Strickland,supra, at 689. Because of the difficulties in judging counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Ibid. With respect to the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. The result, as in Strickland and Bradley, is a conviction and sentence.
The standard for ineffective assistance of counsel claims is inappropriate to determinations of motions to withdraw pleas of guilty or no contest made before sentence is imposed, if they are to be "freely allowed." Xie, supra. The trial court erred when it applied the Strickland standard to determine Moore's Crim.R. 32.1 motion, and when it denied the motion because Moore's proof failed to satisfy that standard.
We note from reviewing the record that the trial court's Crim.R. 11(C) colloquy with Moore when his plea was entered was careful and meticulous. However, the basis of Moore's motion to withdraw his plea was not a Crim.R. 11 defect. Rather, it was an expressed preference to exercise his right to trial, one that reflected the markedly different advice he received from his new counsel as well as his former counsel's frank concession that his advice to Moore may have been a mistake.
Moore was born on September 9, 1981. He was but sixteen years of age when the alleged offenses were committed, and was seventeen when he entered his guilty plea. The plea was entered on the advice of counsel, who believed and counseled Moore that cooperation with the State was a better course than requiring the State to prove its case against him at trial.
The victim of the alleged offenses had identified Moore and his co-defendant in a "show up" shortly after the offenses occurred, but was unable to positively identify Moore in open court when he was under oath. The State's circumstantial evidence is strong, but its strongest evidence is Moore's confession. Moore's new counsel believes his confession is subject to aMiranda challenge. If the confession is suppressed, the State's case against Moore is much weaker.
This record does not reflect the disposition of the charges against Moore's co-defendant, Joseph Rucker. However, the State represents in its brief that Rucker was convicted without the aid of Moore's testimony. Therefore, a failure to enforce the terms of the plea agreement will not prejudice the State at this stage. It may prejudice Moore, however, if the dismissed charge is restored and he is convicted of both aggravated robbery and aggravated burglary.
This court has no occasion to review appeals from orders granting motions to withdraw a plea of guilty or no contest, so we have no way of knowing whether in most instances they are "freely allowed" when filed before a sentence is imposed. The appeals we review are from orders denying the motion and, like this appeal, are each unique on their facts. The totality of facts and circumstances involved here cause us to conclude that Moore should be allowed to withdraw his plea if such requests are to be freely granted. Xie, supra.
The assignment of error is sustained. The trial court's order denying Moore's motion to withdraw his guilty plea will be reversed and his conviction will be vacated. The case will be remanded for trial.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
Douglas M. Rastatter, Esq.
Daniel J. O'Brien, Esq.
HON. RICHARD J. O'NEILL