OPINION
Defendant, Edward Davies, appeals from his conviction and sentence for operating a motor vehicle while under the influence of alcohol.
Davies was arrested on March 19, 1999 by an Ohio Highway Patrol officer and charged in Clark County Municipal Court with four traffic offenses: Operating a Motor Vehicle While Under the Influence of Alcohol, R.C. 4511.19; Driving Without a Valid Operator's License, R.C. 4507.02(A)(1); Failure to Signal a Turn, R.C. 4511.39; and a Seatbelt Violation, R.C. 4513.263. At his arraignment on March 25, 1999, Davies entered pleas of not guilty and waived his right to counsel.
On April 26, 1999, a pretrial conference was held at which Davies accepted the State's plea offer and entered a no contest plea to the driving under the influence charge, whereupon the trial court found Davies guilty. The remaining charges were dismissed.
On or about July 6, 1999, after he had retained counsel, Davies filed a motion to suppress evidence alleging that the police lacked probable cause to stop his vehicle and to administer a Breathalyzer test to him. On the day of sentencing, August 27, 1999, Davies filed a motion to withdraw his previously entered no contest plea.
Davies explained that he was not aware nor had he been advised that entering his no contest plea would waive his right to move to suppress evidence. According to Davies, the officer who stopped him told Davies that he had passed all the field sobriety tests he was given. Thus, the officer lacked any justification for asking Davies to take a Breathalyzer test. Davies asked to withdraw his no contest plea in order to prosecute that suppression issue.
The trial court denied Davies' request to withdraw his no contest plea, indicating that the court found no merit in the reason Davies proffered for withdrawal. The trial court proceeded to sentence Davies to ten days in jail, fined him four hundred dollars, and suspended his drivers license for one year. The trial court stayed all of Davies' sentence pending an appeal to this court.
 ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE TRIAL COURT, WITHOUT HEARING, DENIED THE MOTION OF THE DEFENDANT TO WITHDRAW HIS PLEA OF NO CONTEST.
Requests to withdraw a guilty or no contest plea made before sentencing are "freely and liberally granted," although a defendant does not have an absolute right to withdraw his plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521;State v. Spivey (1998), 81 Ohio St.3d 405; State v. Peterseim
(1980), 68 Ohio App.2d 211; State v. Lambros (1988), 44 Ohio App.3d 102
. A hearing ordinarily is required to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea requested. Xie, supra.
Appellate review of a trial court's decision granting or denying a presentence motion to withdraw a guilty plea is limited to determining whether the trial court abused its discretion.Xie, supra, Lambros, supra. An abuse of discretion connotes more than simply an error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151.
In the trial court, Davies argued that he should be allowed to withdraw his no contest plea because he was unaware when he entered it that it would prevent him from filing a motion to suppress evidence. He renews that argument here, and further claims that the trial court erred when it accepted his no contest plea without advising him of that result as one of the "effects" of his plea. Crim.R. 11(D).
A plea is the answer which a defendant in a criminal case makes to the state's declaration of the charges it has brought against him. When the charge is in the form of a complaint, it must contain a written statement of the facts constituting the offense charged. Crim.R. 3. Per Crim.R. 11(B)(2), a plea of no contest is an admission of the truth of the facts alleged in the complaint.
It is implicit in a defendant's plea of no contest that, because the facts alleged in the complaint are true, those facts created probable cause to arrest the defendant for the offense to which he enters the plea. Thus, a no contest plea waives a defendant's right to claim that the state lacked probable cause, which was the basis on which Davies would prosecute his motion to suppress.
It would stand logic on his head to find that, his admission notwithstanding, Davies was justified in believing that he might yet dispute the truth of the facts he admitted. Davies does not claim that when he entered the plea the court failed to inform him that he was thereby admitting the truth of the facts alleged in the complaint. Therefore, we cannot find that the court was otherwise required by Crim.R. 11(D) to advise Davies that an "effect" of his plea was that his right to ask the court to suppress evidence that the State might have offered to prove those facts was waived.
The specific argument Davies presented to the trial court as a basis to withdraw his no contest plea is insufficient to require a full evidentiary hearing. State v. Smith (December 10, 1992), Cuyahoga App. No. 61464, unreported; City of Loraine v. Price
(October 2, 1996), Loraine App. No. 96CA006314, unreported; Statev. Mercer (January 14, 2000), Lucas App. No. L-98-1317, 1318, unreported. Moreover, the record provided to this court fails to demonstrate any infirmity or irregularity in the proceedings of the trial court, including the plea proceedings. On the record before us, such as it is, the trial court did not abuse its discretion, as that term is defined by law, in denying Davies' request to withdraw his previously entered no contest plea.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
YOUNG, J. and GLASSER, J., concur.
Hon. George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.