OPINION
Maurice Wallace appeals from his convictions and sentences for felonious assault, assault on a peace officer, and possession of cocaine.
Wallace was tried before a jury in case number 98-CR-4534 for felonious assault. During that trial the prosecutor informed defense counsel that the grand jury was considering two additional charges against Wallace in case number 99-CR-2261: Assault on a Peace Officer and Possession of Crack Cocaine. The cocaine possession charge was a second degree felony carrying mandatory prison time.
At the parties' request, the trial court delayed trial for about three hours while the parties engaged in plea negotiations. After extensive discussions between Wallace, his defense counsel, Wallace's mother, and the prosecutor, Wallace accepted the State's plea offer.
The trial court discharged the jury and Wallace entered guilty pleas to felonious assault, R.C. 2903.11(A)(1), Assault on a Peace Officer, R.C. 2903.13(A), and Possession of Cocaine, R.C.2925.11(A), which the State had reduced to a fifth degree felony, eliminating the mandatory prison term and making Wallace eligible for probation. In exchange for Wallace's guilty pleas, the State also agreed to make no recommendation concerning Wallace's sentence. The trial court accepted Wallace's guilty pleas and ordered a presentence investigation report.
The day after Wallace entered his guilty pleas he called defense counsel and stated that he was having second thoughts and wanted to withdraw his guilty pleas. Defense counsel advised Wallace to think about it before he decided to withdraw his pleas. Wallace contacted defense counsel three or four more times over the next few weeks, each time expressing second thoughts about his decision to plead guilty. Each time defense counsel advised Wallace to give careful thought to the matter before deciding to withdraw his guilty pleas.
On the day of sentencing defense counsel reviewed the presentence report and concluded that the trial court would likely impose a six year sentence upon Wallace. Defense counsel informed Wallace, who angrily stated "that was more than he was looking for." Wallace insisted that defense counsel move to withdraw his guilty pleas. Defense counsel then informed the trial court that Wallace wished to withdraw his guilty pleas, and counsel requested permission to withdraw from the case.
The trial court appointed new counsel for Wallace and subsequently held an evidentiary hearing on Wallace's motion to withdraw his guilty pleas. On September 29, 1999, the trial court denied Wallace's motion to withdraw his guilty pleas. The trial court sentenced Wallace to a total of six years imprisonment.
From his conviction and sentence Wallace has timely appealed to this court, challenging the trial court's denial of his motion to withdraw his guilty pleas.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS PRIOR TO SENTENCING.
Although a defendant does not have an absolute right to withdraw his guilty plea prior to sentencing, requests to withdraw a guilty plea made before sentencing should be "freely allowed."State v. Xie (1992), 62 Ohio St.3d 521; State v. Peterseim
(1980), 68 Ohio App.2d 211; State v. Lambros (1988), 44 Ohio App.3d 102. A hearing ordinarily is required to determine whether a reasonable and legitimate basis exists on which a plea may be withdrawn. Xie, supra. Appellate review of a trial court's decision granting or denying a presentence motion to withdraw a guilty plea is limited to determining whether the trial court abused its discretion. Xie, supra; Lambros, supra. An abuse of discretion connotes more than an error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980),62 Ohio St.2d 151.
The record demonstrates that the requirements of State v.Peterseim, supra, were fully satisfied: Wallace was represented by an experienced, highly competent defense counsel, was afforded a hearing at the time he entered his guilty pleas, was afforded an evidentiary hearing on his motion to withdraw his guilty pleas, and the trial court gave full and fair consideration to Wallace's request to withdraw his pleas. State v. Brooks (July 16, 1999), Montgomery App. No. 17608, unreported.
As grounds for withdrawing his guilty pleas Wallace claims that he was pressured by defense counsel into pleading guilty and that his learning disabilities and inability to read made it difficult for him to understand what transpired at the plea proceeding. However, the record of the guilty plea proceeding affirmatively refutes these assertions.
When Wallace entered his guilty pleas the trial court scrupulously complied with all of the requirements in Crim.R. 11(C)(2) in accepting those guilty pleas. It is precisely because Wallace is a slow learner and has a very limited ability to read that Wallace's mother was involved in the plea negotiations, and the trial court carefully and meticulously went over each and every item in Crim.R. 11(C)(2) with Wallace, making certain that Wallace understood the various rights he was giving up and the consequences of his decision to plead guilty.
During the plea colloquy Wallace acknowledged for the trial court that no one had pressured him to plead guilty, that even though he was eligible for probation he understood that there was no promise that he would get probation, and that he did not suffer from any mental illness or a drug or alcohol abuse problem that would prevent him from understanding these proceedings. Moreover, Wallace acknowledged that he understood the minimum and maximum sentences that could be imposed for each of the offenses, that those sentences could run consecutively, and that the trial court would decide the length of Wallace's sentence after reviewing the presentence report. A careful examination of the guilty plea proceeding clearly demonstrates that there is competent, credible evidence to support the trial court's finding that Wallace's guilty pleas were entered knowingly, intelligently and voluntarily.
The evidence presented at the hearing on Wallace's motion to withdraw his guilty pleas reveals that, although Wallace suffers from learning disabilities, he is not mentally retarded. Wallace does understand matters that are adequately explained to him, and he understands the adversarial judicial process, in part because of his extensive prior experience. Moreover, Wallace is competent to assist in his own defense.
In discussing the State's plea offer with Wallace, defense counsel covered a number of important factors. First, counsel discussed with Wallace the fact that his alibi witnesses had failed to appear for trial and the impact that compelling their attendance by having them arrested might have on their testimony. Defense counsel also discussed with Wallace the fact that while there was an arguable suppression issue in the cocaine possession case, counsel could not be certain that Wallace would prevail on that. Additionally, defense counsel discussed with Wallace the sentencing ramifications of the State's plea offer and the fact that reducing the cocaine possession charge to a felony of the fifth degree would eliminate the mandatory prison time, make Wallace eligible for probation, and lower the potential maximum sentence from seventeen and one-half years to ten and one-half years. Defense counsel's opinion was that Wallace could probably expect to receive a sentence in the four to five year range, but that the length of the sentence would be up to the court.
After examining the record from the guilty plea proceeding and the hearing held on Wallace's motion to withdraw his pleas, we agree with the trial court that Wallace failed to demonstrate a legitimate basis for withdrawal of his guilty pleas. It appears that Wallace's true reason for wanting to withdraw his guilty pleas was a change of heart that was prompted by the length of the sentence that his attorney told him the court would likely impose. That is clearly not a legitimate basis for withdrawal when defendant understood, as Wallace did at the time he entered those guilty pleas, the minimum and maximum sentences that could be imposed upon him and that no particular length of sentence had been promised to induce him to enter the pleas.
We see no abuse of discretion on the part of the trial court in overruling Wallace's motion to withdraw his guilty pleas.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO PROMPTLY ADVISE THE COURT THAT APPELLANT WISHED TO WITHDRAW HIS GUILTY PLEAS.
 Counsel's performance will not be deemed ineffectiveunless and until counsel's performance is proved to have fallenbelow an objective standard of reasonable representation and, inaddition, prejudice arises from counsel's performance.Strickland v. Washington (1984), 466 U.S. 668. To show that adefendant has been prejudiced by counsel's deficient performance,the defendant must demonstrate that, were it not for counsel'serrors, the result of the trial would have been different. Id.,State v. Bradley (1989), 42 Ohio St.3d 136.
Wallace argues that his defense counsel performed in a deficient manner by waiting until the day of sentencing to move to withdraw Wallace's guilty pleas. Wallace points out that he had told defense counsel on three or four occasions in the interval between entry of his guilty pleas and sentencing that he wished to withdraw the pleas, and that on each occasion counsel declined to withdraw the pleas in order to do so, advising Wallace to consider the matter carefully.
The plea agreement which defense counsel negotiated for Wallace was very favorable. By reducing the cocaine possession charge from a felony two down to a felony five, Wallace's sentence for that offense was reduced from a term of two to eight years down to a term of six months to one year. Moreover, it eliminated the mandatory prison time Wallace faced on that cocaine possession charge, made Wallace eligible for probation (community control sanctions), and reduced the aggregate maximum sentence Wallace was facing from seventeen and one-half years down to ten and one-half years.
In view of the substantial benefits to Wallace that his plea agreement produced, we cannot find that his attorney performed in a deficient manner by not moving to withdraw Wallace's plea when Wallace first expressed his second thoughts about it. Wallace probably would not have known of his prospective sentence had the motion been filed earlier, and that would avoid the implication that he was motivated to withdraw the pleas in order to avoid the sentence. However, the advice which the counsel gave Wallace was sound advice, under the circumstances. Any prejudice which that development might have produced for Wallace vis-a-vis the timing of his motion does not render counsel's performance deficient, which is also required per Strickland, supra. Having failed to establish a violation of defense counsel's essential duties, Wallace has failed to demonstrate ineffective assistance of counsel.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.