Carl Ausman appeals his conviction in the Ross County Court of Common Pleas. Ausman asserts that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea. Because we find that the trial court's decision was not arbitrary, unreasonable or unconscionable, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
The Ross County Grand Jury indicted Ausman on one count of felonious assault, a violation of R.C. 2903.11, and on one count of discharging a firearm into an occupied structure, a violation of R.C. 2923.161. Each count was accompanied by a firearm specification. Two other defendants were indicted as a result of the same incident.
Ausman entered into a plea agreement with the state under which Ausman agreed to testify at his co-defendants' trials and plead guilty in exchange for the state recommending the minimum sentences on the charges against him. On February 1, 2000, Ausman appeared before the court to enter a guilty plea. The trial court informed Ausman of his rights as required by Crim.R.
11. Ausman indicated that he understood his rights, that he had not been coerced into entering a plea, and that he wished to enter a plea of guilty to both counts of the indictment with firearm specifications. The trial court accepted Ausman's plea.
On February 8, 2000, Ausman testified at the trial of one of his co-defendants. Ausman's testimony reflected that he did in fact perform the acts alleged in the indictment against him.
On March 8, 2000, Ausman filed a motion to withdraw his guilty plea. The trial court held a hearing on the motion, at which Ausman asserted that he believed he had a meritorious defense. The trial court overruled Ausman's motion to withdraw his guilty plea, and proceeded to sentence Ausman as anticipated by the plea agreement. Ausman appeals his conviction, asserting the following assignment of error:
 The trial court abused its discretion in refusing to allow Defendant/Appellant to withdraw his plea prior to sentencing.
 II.
Pursuant to Crim.R. 32.1, a defendant may file a motion to withdraw his guilty plea prior to sentencing. A presentence motion to withdraw a guilty plea should be "freely and liberally granted." State v. Xie
(1992), 62 Ohio St.3d 521, 527. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Rather, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. A defendant's change of heart or mistaken belief about his guilty plea does not constitute a legitimate basis that requires the court to permit the defendant to withdraw his guilty plea. State V. Lambros (1988), 44 Ohio App.3d 102, 103.
The determination of whether to grant a motion to withdraw a guilty plea is left to the sound discretion of the trial court. Xie at paragraph two of the syllabus. The good faith, credibility and weight of a defendant's assertions in support of his motion to withdraw his guilty plea are matters to be resolved by the trial court. State v. Smith
(1977), 49 Ohio St.2d 261, paragraph two of the syllabus. This court will not reverse a trial court's decision on a motion to withdraw a guilty plea absent an abuse of discretion. Xie at 527, citing State v.Adams (1980), 62 Ohio St.2d 151, 157.
In this case, Ausman predicated the legitimate basis upon which he sought to withdraw his guilty plea upon his assertion that he had a meritorious defense to the crimes charged in the indictment. Based in part upon Ausman's testimony in his codefendant's case, the trial court gave Ausman's reason little weight or credibility. Ausman also asserted that he was coerced into pleading guilty. The trial court, based in part upon its compliance with Crim.R. 11 at the entry of plea hearing, gave Ausman's assertion little weight or credibility.
Given the trial court's reasoning, we cannot say that the trial court acted arbitrarily, unreasonably or unconscionably in refusing to grant Ausman's motion to withdraw his guilty plea. We find that the trial court did not abuse its discretion in denying Ausman's motion to withdraw his guilty plea. Accordingly, we overrule Ausman's only assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY.
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J.: Concur in Judgment and Opinion.
 ______________________ Roger L. Kline, Presiding Judge