DECISION AND JUDGMENT ENTRY
Robin D. Howes appeals her convictions for receiving stolen property, forgery, passing bad checks, and theft. Howes contends that the Pike County Common Pleas Court abused its discretion when it denied her motion to withdraw her guilty pleas. Because we find that the trial court's decision was not arbitrary, unreasonable, or unconscionable, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
The Pike County Grand Jury indicted Howes on five counts of receiving stolen property, a violation of R.C. 2913.51(A), one count of forgery, a violation of R.C. 2923.31(A)(3), one count of passing bad checks, a violation of 2913.11(A), and one count of theft, a violation of R.C.2913.02(A)(3). Howes initially pled not guilty to all the charges. Pursuant to an agreement with the state, Howes changed her plea to guilty on one count of receiving stolen property, one count of forgery, one count of passing bad checks, and one count of theft. The state agreed to dismiss the remaining four counts of receiving stolen property. The state also agreed to recommend community control sanctions instead of prison, as long as Howes made full restitution by the time of sentencing.
At the change of plea hearing, the trial court informed Howes of her rights as required by Crim.R. 11. Howes indicated that she understood her rights, that she had not been coerced into entering a plea, and that she wished to enter a plea of guilty to the four counts indicated. The trial court accepted Howes' guilty plea.
Prior to sentencing, Howes' court-appointed counsel withdrew and the court appointed attorney McCleese to represent her. Howes filed a motion to withdraw her guilty plea. The court held a hearing on the motion to withdraw at which Howes testified that she "felt threatened of going to jail" if she did not plead guilty, and thus that she did not knowingly or voluntarily plead guilty. Howes stated that her previous attorney advised her to plead guilty based upon a forged signature that was not hers. Howes' testimony also revealed that she had failed to make full restitution as she had promised pursuant to the plea agreement, and that she understood that the state would recommend imprisonment as a result of her failure to make restitution.
The trial court found that Howes failed to present a legitimate reason for withdrawing her guilty plea. Therefore, the trial court denied Howes' motion and proceeded to sentencing. The state recommended that the trial court give Howes the maximum sentence of twelve months on each count. The trial court sentenced Howes to four consecutive terms of eleven months each.
Howes appeals, asserting the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT/APPELLANT'S MOTION TO WITHDRAW HER GUILTY PLEA.
 II.
Pursuant to Crim.R. 32.1, a defendant may file a motion to withdraw a guilty plea prior to sentencing. A presentence motion to withdraw a guilty plea should be "freely and liberally granted." State v. Xie
(1992), 62 Ohio St.3d 521, 527. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Rather, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. A defendant's change of heart or mistaken belief about the guilty plea or expected sentence does not constitute a legitimate basis that requires the court to permit the defendant to withdraw the guilty plea. State v. Lambros (1988),44 Ohio App.3d 102, 103.
The determination of whether to grant a motion to withdraw a guilty plea is left to the sound discretion of the trial court. Xie at paragraph two of the syllabus. The good faith, credibility and weight of a defendant's assertions in support of the motion to withdraw a guilty plea are matters to be resolved by the trial court. State v. Smith (1977),49 Ohio St.2d 261, paragraph two of the syllabus. This court will not reverse a trial court's decision on a motion to withdraw a guilty plea absent an abuse of discretion. Xie at 527, citing State v. Adams 1980),62 Ohio St.2d 151, 157.
In this case, Howes based her motion to withdraw her guilty plea upon her assertion that she did not voluntarily enter her plea. However, the trial court, based in part upon its compliance with Crim.R. 11 at the entry of plea hearing and in part upon Howes' failure to uphold her end of the plea bargain, gave Howes' assertion little weight or credibility.
Given the trial court's reasoning, we cannot say that the trial court acted arbitrarily, unreasonably or unconscionably in refusing to grant Howes' motion to withdraw her guilty plea. We find that the trial court did not abuse its discretion in denying Howes' motion to withdraw her guilty plea. Accordingly, we overrule Howes' only assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty- five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concur Judgment and Opinion.
 ___________________________ Roger L. Kline, Judge