OPINION
Defendant-appellant Larry R. Zornes appeals from his conviction for Rape, in violation of R.C. 2907.02(A)(1)(b). He contends that the trial court erred in failing to suppress his confession and statements made to the police, and by failing to permit him to withdraw his no-contest plea.
We conclude that the trial court did not err by overruling the suppression motion, but that it did err by denying the motion to withdraw Zornes' plea. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I
In late 1999, the Xenia Police Department received a complaint which alleged that Zornes had sexually assaulted a child in 1984. Thereafter, Detective Gary Johnson contacted Zornes and requested an interview at the Police Department. Zornes agreed to the interview, and appeared voluntarily at the Xenia Police Department on November 10, 1999. Johnson informed Zornes that he was not under arrest, did not have to talk to him, that the door was closed for privacy but was not locked, and that Zornes was free to leave at any time. Zornes indicated that he understood these statements.
During the interview, Zornes indicated that the accusation was part of a family dispute concerning custody. The interview lasted approximately thirty minutes. Johnson asked Zornes whether he was willing to return the following day to submit to a lie detector test. Zornes agreed, and voluntarily returned to the police department the next day. The test was administered by Xenia Detective Barlow. Upon completion of the test, Barlow and Johnson agreed that the test "showed deception." When they informed Zornes of this, he said, "well, okay. Then you've got me, I did it." Johnson then asked Zornes if he wanted to discuss the matter, and Zornes replied that he "wanted to get it behind him."
Zornes was escorted to an interview room. While Barlow left the room to insert a tape into a videotaping machine, Johnson informed Zornes that he did not have to talk. Zornes again indicated that he wanted to talk, and subsequently confessed to placing his mouth on the child's vagina, and to molesting several other children. He also signed a confession. The interview lasted approximately one hour. At the conclusion of the interview, Johnson informed Zornes that he would be "getting charges." Thereafter, Zornes left. Zornes was not advised of his Miranda rights at either interview. The next day a warrant was obtained, and Zornes was arrested.
Zornes entered a not-guilty plea and filed a motion to suppress all statements made during the November 11 interview. After a hearing, the trial court overruled the motion. Zornes then entered a no-contest plea on October 30, 2000. On March 2, 2001, he filed a motion to withdraw the plea. The trial court held a hearing, and subsequently overruled that motion. Zornes was sentenced on April 5, 2001, and an appeal bond was set in the amount of $300,000. From his conviction and sentence, Zornes appeals.
 II
Zornes' First Assignment of Error states as follows:
 THE CONFESSION SHOULD HAVE BEEN SUPPRESSED BECAUSE IT OCCURRED AS A RESULT OF POLICE INTERROGATION, THE DEFENDANT WAS IN CUSTODY, AND THE OFFICERS DID NOT FIRST ISSUE MIRANDA WARNINGS.
Zornes contends that the trial court should have suppressed all statements made after the officers informed him that the lie detector test showed deception. In support, he contends that he was in custody at the time the confession and statements were made, and thus, was entitled to Miranda warnings.
Evidence obtained from a custodial interrogation may not be used against a defendant if he has not been adequately apprised of his right to remain silent, that any statement he makes may be used as evidence against him, and that he has a right to the presence of retained or appointed counsel during questioning. Miranda v. Arizona (1966),384 U.S. 436. Custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id. Thus, Miranda warnings are required when an individual is in custody.
An individual is in custody when there is a formal arrest or an equivalent restraint on the individual's freedom of movement. California v. Beheler (1983), 463 U.S. 1121, 1125. When determining whether an individual is in custody, the relevant inquiry is whether a reasonable person in that situation would believe that he is not free to leave under the totality of the circumstances. Berkemer v. McCarty (1984),468 U.S. 420, 442; State v. Gumm (1995), 73 Ohio St.3d 413, 429. For a finding that the suspect voluntarily interacted with the police officer, the totality of the circumstances must indicate that a reasonable person in the suspect's position would believe that he or she could choose to leave. State v. Robinette (1997) 80 Ohio St.3d 234, paragraph three of the syllabus. "Miranda warnings are not required simply because the questioning takes place at a police station and the questioned person is a suspect, especially, * * * when a suspect voluntarily submits to questioning and is at all times free to leave." State v. Barnes (1986),25 Ohio St.3d 203, 207, citations omitted.
Zornes was not arrested on November 11. He voluntarily appeared at the police station and voluntarily submitted to the lie detector test. After being informed that the test showed "deception," Zornes voluntarily stated that he had committed the offense. Prior to discussing the matter further, Zornes was again informed that he did not have to talk. After indicating that he wanted to discuss the offense, Zornes made incriminating statements to Johnson. Afterward, he left the police station. The next day, the detective took the information to the prosecutor to determine whether there was enough evidence to bring charges, at which time a warrant was issued and Zornes was arrested.
The record indicates that Zornes was not in custody at any time prior to his arrest. There was evidence that he was free to leave at any time. The two interviews were not excessively long. Zornes was not deprived of his freedom in any way. Based upon the facts in this case, we cannot say that the trial court erred in finding that Zornes was not subjected to a custodial interrogation requiring Miranda warnings. Therefore, Zornes' First Assignment of Error is overruled.
 III
For his Second Assignment of Error, Zornes claims the following:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING THE PETITION TO VACATE THE GUILTY PLEA.
Zornes claims that he should have been permitted to withdraw his no-contest plea because his plea was based upon his attorney's assurance that he would remain free on bond pending appeal if he entered the plea.
A motion to withdraw a plea made prior to sentencing should be freely and liberally granted when a defendant demonstrates "a reasonable and legitimate basis" to withdraw the plea. State v. Xie (1992),62 Ohio St.3d 521, 527. However, a mere change of heart does not provide adequate justification for the withdrawal of a guilty plea. State v. Lambros (1988), 44 Ohio App.3d 102. An appellate court may only reverse a trial court's denial of a presentence motion to withdraw a guilty plea upon a showing of an abuse of discretion. Xie, supra. A court abuses its discretion when its decision is "unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169.
At the hearing on the motion to withdraw the plea, Zornes testified that his trial counsel assured him that if he entered the no-contest plea, the court would continue his current bond and permit him to remain free pending appeal. Zornes' attorney testified that he "represented to the Court * * * that if the Court would continue the bond and allow [Zornes] to stay out pending an appeal that we would be prepared to enter a plea of no contest to the charge and then appeal the Court's decision on our motion to suppress * * *." He further testified that when he left the meeting with the court, it was his "understanding" or "impression" that bond would be continued pending an appeal. He also testified that he told Zornes that the current bond would be continued, and that he would remain free on bond pending appeal.
The trial court concluded that it had made no promises with regard to an appellate bond, and there is nothing in the record that would require us to hold that the trial court's conclusion in this regard was unwarranted. However, the evidence indicates that trial counsel made an assurance to Zornes regarding bond. Furthermore, although the written plea petition, filed and signed by both Zornes and his attorney, does state that the State agreed not to prosecute him in any other county with regard to this case, and that no promises of leniency were made, it does not specifically contradict Zornes' testimony that he received assurance that his bond would continue, in the same amount, pending appeal. Zornes could reasonably construe this assurance as not being encompassed within the allusion to promises of leniency, which one would ordinarily understand to refer to sentencing. Furthermore, during the plea hearing, the trial court did not inquire whether Zornes' plea was based upon any promises, whether made by the court, the State or trial counsel.
From the record before us, it appears that Zornes entered his plea upon the condition that he remain free on bond pending appeal. Had the State or the trial court shown that Zornes had indicated that he did not rely on any promises, other than the promise not to prosecute in another county, we would be inclined to disregard this claim, upon the ground that the trial court could reasonably conclude that, under those circumstances, it would be unreasonable to rely upon an attorney's assurances concerning bond on appeal. However, upon the record before us, we find that Zornes could have reasonably relied upon his attorney's assurance, to his detriment in entering a plea. Therefore, we conclude that the plea was not knowingly entered into, and the trial court abused its discretion by overruling Zornes' motion to withdraw the plea.
Zornes' Second Assignment of Error is sustained.
 IV
Zornes' Second Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
WOLFF, P.J., and BROGAN, J., concur.