OPINION
Michael K. Powell, defendant-appellant, was charged with one count of felonious assault, a felony of the second degree and one count of aggravated assault, a felony of the fourth degree.
On April 26, 2001, appellant pled guilty to the stipulated lesser-included offense of attempted felonious assault, a felony of the third degree. Following the plea hearing and the prosecutor's rendition of the facts, the trial court accepted appellant's plea and ordered a pre-sentence investigation.
On May 16, 2001, appellant filed a motion to withdraw his guilty plea. On June 25, 2001, prior to the sentencing hearing, the trial court, after a hearing, denied appellant's motion. Appellant was sentenced to four years imprisonment.
Appellant asserts that the trial court erred in denying his motion to withdraw his guilty plea made prior to sentencing thereby depriving him of due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and comparable provisions of the Ohio Constitution.
On April 26, 2001, the state and appellant appeared before the trial court asserting that appellant wished to withdraw his previously entered not guilty plea and enter a guilty plea to the stipulated lesser included offense of attempted felonious assault, a third-degree felony. With that plea, the state requested a nolle prosequi of the aggravated assault contained in count two of the indictment. A written and signed plea agreement was submitted by appellant.
The trial court held a hearing fully in accordance with the requirements of law to ascertain whether the plea was voluntary. In the course of the proceedings, the trial court asked appellant if he was under the influence of drugs or alcohol, which he denied. At the plea hearing, the trial court found that appellant was on probation for driving without a license and that there were two cases in front of two municipal judges. The trial court noted that information was not listed on the record check. There was a discussion of the record and apparently the original contemplation in the discussions held prior to the guilty plea hearing was that, if it were appellant's first offense, he would be placed on direct probation. After hearing of the record of which the trial court and apparently the state was unaware at the time of the plea discussion, the trial court indicated that direct probation would not be an option without first obtaining and considering a pre-sentence investigation and report. Appellant elected to proceed with the guilty plea, despite the court's offer to allow him to withdraw it. The trial court fully and fairly explained all of the rights available to appellant which were being waived, and that the maximum sentence for the offense to which he was pleading could be a maximum of five years in prison. Appellant stated that he was pleading guilty on his own free will and to the best of his judgment.
Following the hearing, the trial court accepted appellant's plea of guilty to the stipulated offense and entered a nolle prosequi as to count two of the indictment.
The prosecutor stated the facts of the offense, which included an allegation that appellant intentionally ran his vehicle into the victim, injuring the victim rather severely.
Defense counsel requested a pre-trial sentence investigation, which the court ordered, setting a sentencing date of Monday, June 25, 2001.
On May 16, 2001, appellant filed a motion to withdraw his guilty plea. That motion was set for hearing on the morning of June 25, 2001.
In appellant's written motion, he alleged that he did not commit the offense and that, when he found out on April 26 that he may not be given probation absent a recommendation from the pre-sentence investigation, he realized that he might be sentenced to jail time, which he had not contemplated when submitting his written plea. Appellant stated that he made a hasty decision after being informed by the court that he could withdraw his guilty plea at that time, due to the insufficiency of time to fully consider that opportunity. At the hearing of June 25, appellant's counsel stated for the first time, that appellant just told him that he had been drinking heavily the night before he came to court on April 26, and that he was still under the influence of alcohol at that time. He again claimed inadequacy of time to reconsider the decision to proceed with the guilty plea on April 26, 2001, which, after "sober" thought, he decided would not be wise for him.
At the time of the motion to withdraw the guilty plea, the pre-sentence investigation report had not been completed, but appellant had been interviewed by the pre-trial sentence investigator, an interview that apparently did not go well. No testimony was adduced at the hearing.
The trial court indicated that appellant was not coerced in any way at the time of the original guilty plea and that the guilty plea entered by appellant after being fully informed of his rights, was completely voluntary.
The pre-sentence report indicated substantial and continuing problems that appellant has had with criminal offenses, noting appellant's failure to comply with requirements imposed by various courts. The pre-trial sentence investigator felt that appellant was quite deceptive and considering appellant's extensive record and lack of compliance with court orders prior to that time, the PSI officer recommended that appellant not be given probation and that the maximum sentence of five years for the second-degree felony be imposed.
The trial court indicated that the offense was quite serious, had resulted in substantial physical injuries to the victim, and opined that probation was not an option. The trial court felt that the only reason appellant wished to withdraw the guilty plea was that he was facing serious prison time.
The trial court overruled appellant's motion to withdraw his guilty plea and sentenced appellant to four years incarceration, one year less than the five-year maximum.
Crim.R. 32.1 provides that:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
A defendant does not have an absolute right to withdraw a guilty plea before sentencing. The decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521 . On appeal, the trial court's decision will be reversed only if the trial court acted unreasonably, arbitrarily or unconscionably. State v. Xie, supra, at 527.
The trial court acts within its discretion in overruling a motion to withdraw a guilty plea where: (1) the accused is represented by highly competent counsel; (2) the accused was afforded a full hearing before he entered his plea; (3) the accused is given a hearing on the motion to withdraw; and (4) the court fairly considered the motion to withdraw. See State v. Holloway (Sept. 28, 2000), Franklin App. No. 99AP-1455, unreported, 2000 Ohio App. LEXIS 4430. See, also, State v. Johnson (June 26, 2001), Franklin App. No. 00AP-1115, unreported, 2000 Ohio App. LEXIS 2939. The record indicates that all of these conditions were met in the instant case.
Appellant's main reason for withdrawal of his guilty plea was that he had changed his mind after having made a hasty decision at the time of the original plea hearing. At the time of the withdrawal motion hearing, appellant's attorney told the court that his client had told him that he was still under the influence of alcohol from heavy drinking the night before at the time of the guilty plea hearing on April 26, 2001, something not noticed or brought to the attention of the court on April 26. Appellant also characterized the plea hearing as "coercive." The record of the plea hearing does not indicate that the trial court was coercive. The trial court patiently and correctly explained all of appellant's rights to him and inquired as to whether the plea was being made under influence of coercion, alcohol or drugs. The trial court permitted appellant to reconsider the guilty plea after appellant was clearly told that he was not promised probation and that his case was being referred for a PSI.
A defendant is not entitled to withdraw his guilty plea merely because he has changed his mind or because he has learned that he will receive a harsher sentence than he had subjectively expected. See State v. Lambros (1988), 44 Ohio App.3d 102.
The trial court was aware that appellant, in his motion to withdraw and his statement at the withdrawal hearing, was now stating that he was innocent and that he had certain unnamed persons to vouch for his innocence. That factor is not per se determinative, given the other factors which support the trial court's belief that appellant changed his mind because he probably would not get community control or direct probation.
The trial court was aware of all of the factors, favorable and unfavorable, that had bearing upon the court's discretionary decision to allow appellant to withdraw his guilty plea. See State v. Boyd (Oct. 22, 1998), Franklin App. No. 97APA12-1640, unreported, 1998 Ohio App. LEXIS 4914. Favorable to allowing withdrawal are lack of prejudice to the state except for incurring the expense of a PSI, and claim of innocence which was unsworn, and solely by appellant after being sentenced. Unfavorable to appellant is the fact that appellant and his attorney had an opportunity to discuss the withdrawal of the plea on April 26, which was declined, and that appellant apparently had an unfavorable interview with the investigator prior to his withdrawal motion being filed. At the time the motion was filed, all of appellant's previous offenses and response thereto were coming to light, virtually making it certain that he would receive jail time.
The trial court did not abuse its discretion in finding that the motivating reason was appellant's belief that his sentence would be harsher than he originally had contemplated.
Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK, P.J., and DESHLER, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.