OPINION
{¶ 1} This opinion combines two appeals: C.A. No. 19267 is an appeal from a judgment entered in C.P.C. No. 2001-CR-449, and C.A. No. 19268 is an appeal from a judgment entered in C.P.C. No. 2001-CR-1009.
 {¶ 2} Ivan L. Perdue was charged with several felony offenses in five separate indictments. Pursuant to plea negotiations, he entered a plea of guilty to one offense in each indictment in return for an agreed aggregate sentence of no more than three years and dismissal of the remaining counts.
 {¶ 3} In case 2001-CR-449, Perdue pleaded guilty to possession of cocaine, a fourth degree felony. In case 2001-CR-1009, Perdue pleaded guilty to trafficking in cocaine, a second degree felony.
 {¶ 4} While he was awaiting sentencing, Perdue moved with new counsel to withdraw his plea in case 2001-CR-1009 only. His reason for doing so was his claim that he only entered a guilty plea in this case because his former counsel had promised him he would be placed on electronic home detention pending sentencing, which would have enabled him to spend the Christmas holidays with his family.
 {¶ 5} The court conducted an evidentiary hearing on the motion to withdraw plea and overruled it, crediting the testimony of Perdue's former counsel that counsel had never told him he would be released pending sentencing if he entered a guilty plea.
 {¶ 6} Eventually, Perdue was sentenced to an aggregate sentence of two years.
 {¶ 7} We will discuss the two assignments of error in C.A. No. 19268 (2001 CR 1009) first, and then discuss the assignment in C.A. No. 19267 (2001 CR 449).
 C.A. No. 19268 {¶ 8} "1. APPELLANT ASSERTS INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 9} This assignment assumes that Perdue's counsel promised him release pending sentencing to induce his guilty plea.
 {¶ 10} The problem with this argument is that it is based entirely upon Perdue's testimony. The trial court, after hearing testimony from Perdue and his former counsel, found that no such promise was made. See second assignment of error.
 {¶ 11} Ineffective assistance of counsel has not been demonstrated, and this assignment is overruled.
 {¶ 12} "2. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING DEFENDANT TO WITHDRAW HIS PLEA OF GUILTY."
 {¶ 13} As with the first assignment, this assignment is based on Perdue's claim that his plea was induced by his counsel's promise of release pending sentencing, a claim that the trial court determined was unfounded.
 {¶ 14} The trial court's decision overruling the motion states in pertinent part:
 {¶ 15} "An evidentiary hearing was conducted on February 15 and 20, 2002. Testifying at the hearing were Purdue, his former attorneys Patrick Mulligan and Jay Adams, and Assistant Public Defender Kristen Comunale. The stipulated testimony of Linton Boyd also was placed into the record.
 {¶ 16} "The standard by which a trial court should rule upon a pre-sentence motion to withdraw a plea was summarized in Statev. Ubibe (March 5, 1999), Montgomery App. No. 17044, unreported:
 {¶ 17} "Pre-sentence motions to withdraw a plea should be liberally allowed. State v. Kordelewski (March 8, 1996), Montgomery App. No. 15425, unreported. However, a Defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715. A decision to allow a withdrawal before sentencing is within the sound discretion of the trial court.Xie, supra; State v. Landis (Dec. 6, 1995), Montgomery App. No. 15099, unreported. Generally, a defendant is not allowed to withdrawal [sic] a guilty plea prior to sentencing just because he is made aware that a subjectively unexpected sentence is going to be imposed. State v.Lambros (1988), 44 Ohio App.3d 102, 541 N.E.2d 632; State v. Long (May 13, 1993), Montgomery App. No. 13285, unreported. In addition, where the trial court has properly conducted the taking of the plea under Crim.R. 11, a defendant is not entitled to withdraw his plea on the basis of an alleged agreement between him and his defense counsel. State v. Thomas
(1992), 80 Ohio App.3d 452, 609 N.E.2d 601. The only issue in determining the viability of Defendant's plea is whether the totality of the circumstances demonstrates that it was knowingly and voluntarily entered in substantial compliance with Crim.R. 11.
 {¶ 18} "Id.
 {¶ 19} "`[T]o withdraw the plea before sentencing, the defendant must still have a legitimate basis for withdrawal.' State v.Kordelewski, supra.
 {¶ 20} "Purdue claims that he entered his guilty plea because his former attorney, Patrick Mulligan, promised that he would be released from jail under electronic home detention (`EHDP') for the Christmas holidays pending sentencing.
 {¶ 21} "During his testimony, Mr. Mulligan adamantly and convincingly denied that he made such a promise. His associate, Jay Adams, testified that immediately before Purdue entered his plea on December 10, 2001, he informed Perdue that it was `extremely unlikely' that he would be released on EHDP. Adams told Purdue, `All I can do is ask the judge.'
 {¶ 22} "Purdue's claim of a promised release from jail is even contradicted by Purdue himself. Immediately prior to the plea hearing on December 10, Purdue handed Adams a statement dated December 9, written by Purdue and addressed to the judge. Purdue instructed Adams to attach the statement, State's Exh. 2, to the `Bond Review Request.' Purdue wrote to the judge, `. . . I am asking if I could be granted a release on house arrest monitoring system until I am sentenced, in order to spend this Christmas with my Mom, my baby sister and the rest of my family before I serve my sentence, if at all possible. If its not possible, I can understand, due to the fact that I failed to appear for court in this case.' Id. At the end of his statement, Purdue again wrote, `P.S. Would you please consider granting me release on house arrest to spend this Christmas with family, if at all possible, if not, I can understand' Id.
This overwhelmingly demonstrates that at the plea hearing Purdue knew that was a mere possibility that he would be release [sic] from jail — not a promise. In fact, he would `understand' if the judge denied his request.
 {¶ 23} "Upon consideration of all the evidence and testimony, including that of Purdue and defense witness Linton Boyd, this Court finds by a preponderance of the evidence that Purdue was not promised that he that [sic] he [sic] would be released on EHDP pending sentencing.
 {¶ 24} "Furthermore, this Court has reviewed the transcript, and finds that Purdue was afforded a full Crim.R. 11 plea hearing. The transcript reveals that Purdue's plea was knowingly and voluntarily entered in substantial compliance with Crim.R. 11."
 {¶ 25} The hearing transcript amply supports the trial court's factual determination that Perdue's counsel did not promise him release pending sentencing. There is thus no factual basis for this assignment. Furthermore, the proceeding on the motion to withdraw plea fully met the four criteria in the oft cited case of State v. Peterseim (1980),68 Ohio App.2d 211:
 {¶ 26} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."
 {¶ 27} This assignment of error is overruled.
 {¶ 28} The judgment will be affirmed.
 C.A. No. 19267 {¶ 29} "3. THE TRIAL COURT ERRORED [sic] BY NOT INQUIRING OF THE DEFENDANT, WHAT PROMISES WERE MADE TO INDUCE HIS PLEAS OF GUILTY."
 {¶ 30} Perdue claims that the trial court failed to inquire as to "any other" promises made to him to induce his plea.
 {¶ 31} We note at the outset Perdue's express disavowal at the evidentiary hearing of any desire to withdraw his plea of guilty in case 2001 CR 449.
 {¶ 32} Presumably, what Perdue is arguing is that had the trial court inquired as to any other promises, Perdue would have told him about the alleged promise of release pending sentencing.
 {¶ 33} Perdue does not argue that the trial court did not meticulously fulfill the requirements of Crim.R. 11(C).
 {¶ 34} The trial court fully complied with Crim.R. 11(C), which did not require it to further inquire about "any other" promises.
 {¶ 35} The record and evidentiary hearing satisfy us that had the trial court asked about "any other" promises, Perdue would not have said he had been promised release pending sentencing. See decision quoted above.
 {¶ 36} Error has not been demonstrated.
 {¶ 37} The judgment will be affirmed.
GRADY, J. and YOUNG, J., concur.