OPINION
Defendant, Thomas Lunsford, appeals from his conviction and sentence for possession of cocaine.
Police recovered over one thousand grams of powder cocaine and one thousand grams of marijuana during a warrant authorized search of Defendant's residence. As a result, Defendant was indicted on one count of Possession of Cocaine, R.C. 2925.11(A), and one count of Possession of Marijuana, R.C. 2925.11(A). Defendant subsequently pled guilty to the cocaine possession charge in exchange for a dismissal of the marijuana possession charge and the State's promise not to seek any additional charges or specifications which the evidence against Lunsford might support.
After entering his guilty plea but before sentence was imposed, Defendant retained a different attorney, who then filed a Crim. R. 32.1 motion to withdraw Defendant's guilty plea. As grounds, Defendant claimed that there were defenses available to his drug possession charges and other available legal challenges to the State's evidence about which his former counsel had never informed him.
An evidentiary hearing on Defendant's motion was held on August 3, 1999, and continued on December 6, 1999. On May 31, 2000, the trial court overruled Defendant's motion to withdraw his guilty plea, concluding that the testimony by Defendant's former counsel was more credible than Defendant's testimony, and that Defendant had had a mere "change of heart." The trial court subsequently sentenced Defendant to a mandatory ten year prison term.
Defendant has timely appealed to this court from his conviction and sentence.
 FIRST ASSIGNMENT OF ERROR THE COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA SINCE SUCH PLEAS MADE BEFORE SENTENCING SHALL BE FREELY AND LIBERALLY GRANTED.
A defendant's motion to withdraw a guilty plea made before sentencing should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis to withdraw the plea. State v. Xie (1992), 62 Ohio St.3d 521; State v. Martin (June 26, 1998), Greene App. No. 97CA93, unreported. A mere "change of heart" is not sufficient justification to permit withdrawal of a voluntarily entered guilty plea. Martin, supra.
In State v. Moore (Feb. 18, 2000), Clark App. No. 99CA47, unreported, this court observed:
 No standard is set out in Crim.R. 32.1 for motions to withdraw a guilty or no contest plea which is filed before sentence is imposed. It has been held that such motions should be "freely allowed." State v. Xie (1992), 62 Ohio St.3d 521, 523; State v. Peterseim (1980), 68 Ohio App.2d 211; State v. Lambros (1988), 44 Ohio App.3d 102. That direction implies a much lower standard, one which creates a preference for a defendant's exercise of his right to trial as opposed to the need to protect the integrity of the plea process.
The decision whether to grant or deny a presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. Its decision will not be disturbed on appeal absent a finding that the trial court abused its discretion; that is, that the court acted in an arbitrary, unreasonable, unconscionable manner. State v. Martin, supra.
No abuse of discretion is demonstrated in denial of a Crim.R. 32.1 motion to withdraw a guilty plea that is filed before sentence is imposed where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980), 68 Ohio App.2d 211; Martin, supra.
The basis for Defendant's motion to withdraw his guilty plea is his claim that valid defenses to these drug possession charges were available to him and that there were meritorious legal challenges available to the State's evidence, but Defendant was unaware of these matters when he entered his guilty plea because his former attorney had failed to discuss them with him.
Defendant's former counsel testified at the hearing that he did discuss with Defendant the available defenses and legal challenges, including personal use and the State's inability to prove constructive possession of the drugs. Counsel testified that in light of the specific facts in this case and the amount of drugs involved, he had concluded that these defenses had little or no chance of success.
Counsel further testified that he discussed with Defendant challenging the probable cause for the search warrant issued in this case and challenging the reliability of the police informants who provided information for the warrant application. Counsel had concluded that such challenges had little or no merit because Defendant knew the confidential informants and had confirmed the facts contained in the affidavit for the search warrant. Moreover, probable cause for this search was based in part upon drugs discarded in Defendant's trash left outside for collection.
Counsel additionally testified that he discussed with Defendant filing a motion to suppress his statements, but found little merit for such a motion where Defendant had simply blurted out an incriminating exclamation. In short, Defendant's former counsel explained his reasoning and strategy in not asserting certain defenses and making certain pretrial challenges to the State's evidence, particularly in view of the prosecutor's indication that he might re-indict and seek major drug offender and firearm specifications if Defendant did not prevail on any motion to suppress that he filed.
In overruling Defendant's motion to withdraw his guilty plea, the trial court indicated that it believed Defendant's former counsel's testimony that he did discuss with Defendant the available defenses to the charges, Defendant's legal rights to challenge the search of his home and the statements he made, the pros and cons of doing so, and the likelihood that those things would succeed. The trial court did not believe Defendant's testimony that his former counsel had failed to discuss those matters with him before he entered his plea.
At the time Defendant entered his guilty plea, he was represented by an experienced, competent criminal trial attorney. Defendant also was afforded a full hearing on the plea at which the trial court meticulously complied with Crim.R. 11. Defendant was afforded a full and fair hearing on his request to withdraw his guilty plea, and the trial court gave careful consideration to that request.
Defendant has failed to demonstrate an abuse of discretion on the part of the trial court in refusing to allow withdrawal of his guilty plea. The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR APPELLANT WAS DENIED A FAIR HEARING ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA DUE TO THE POTENTIAL INVOLVEMENT OF THE COURT AS A WITNESS AND DUE TO VIOLATION OF THE COURT'S ORDER FOR SEPARATION OF WITNESSES.
During the hearing on Defendant's motion to withdraw his guilty plea, Defendant's former counsel testified that in an earlier discussion about this case the trial court had commented upon the amount of cocaine involved, saying: "Whew, this is a lot of cocaine." Defendant now argues that this comment, which reveals that the trial court had a negative impression of Defendant's case, tainted the fairness of the hearing on his motion to withdraw his plea. We disagree.
Defendant has not demonstrated bias or prejudice on the part of the trial court, or how, if at all, the trial court's comment regarding the amount of cocaine involved prejudiced him at the hearing on his plea withdrawal request. The fact is that the amount of cocaine involved in this case, over one thousand grams, is "a lot." Further, the amount of a controlled substance an accused possesses can be prejudicial, in that the larger the quantity is the higher degree of the offense and the potential penalty for it. In cases such as this, where the amount of cocaine exceeds one thousand grams, the sentence required by law is a mandatory ten year prison term, and the trial court has no discretion to vary that sentence. No prejudice flowing from the trial court's comment is demonstrated.
After Defendant concluded testifying at the plea withdrawal hearing, his former attorney, Mr. Greger, took the stand. Before Mr. Greger testified, the trial court advised him that Defendant had just testified that he was not advised by Mr. Greger of some twelve or thirteen different rights and defenses that may have been available to him when he entered his guilty plea. At that point, Defendant objected that the attorney-client privilege had not been waived. The trial court ruled that Defendant's testimony constituted an attack upon the sufficiency of Mr. Greger's representation of Defendant, which effectively waived the privilege. The trial court ordered Mr. Greger to testify what was discussed with Defendant during the course of Mr. Greger's representation of him.
Defendant argues that the way in which the trial court "prepped" Mr. Greger, revealing the substance of Defendant's testimony before Mr. Greger had testified, violated the trial court's own separation of witnesses order and prejudiced Defendant by allowing Mr. Greger to shape his testimony based upon Defendant's testimony. We disagree.
In the context of addressing concerns over whether the attorney-client privilege still existed between Defendant and Mr. Greger, the trial court merely summarized in very general terms testimony concerning his dealings with Mr. Greger, which was that Greger had not made Defendant aware of a number of legal rights and defenses that may have been available to him. That was probably necessary to permit Mr. Greger to conclude that the attorney-client privilege had been waived, freeing him to testify. The trial court did not reveal to Mr. Greger before he testified the specific allegations Defendant was making, much less their substance. Defendant has not demonstrated that his right to a full and impartial hearing on his plea withdrawal request was prejudiced by the trial court's actions.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR APPELLANT'S GUILTY PLEA WAS NOT KNOWING, INTELLIGENT OR VOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
A two-part test is used to judge the quality of representation by trial counsel in a criminal case. Strickland v. Washington (1984), 466 U.S. 668. In commenting upon that standard the Ohio Supreme Court in State v. Bradley (1989), 42 Ohio St.3d 136, 142, noted:
 "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688, 104 S.Ct. at 2064. The court recognized that there are "* * * countless ways to provide effective assistance in any given case. * * *" Id. at 689, 104 S.Ct. at 2065. Therefore, the court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential. * * *" Id. In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must [538 N.E.2d 380] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 [101 S.Ct. 665, 667-68, 66 L.Ed.2d 564] (1981)." Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694.
Defendant argues that his guilty plea was not entered knowingly, intelligently and voluntarily because defense counsel had failed to advise Defendant of certain things.
Defendant complains that counsel failed to discuss with him the availability of legal challenges to statements he made to the police and to the credibility/reliability of the confidential informants whose information provided the probable cause for the warrant which authorized the search of Defendant's home. However, the trial court resolved this claim on a credibility call. The trial court found that the testimony by defense counsel that he did discuss with Defendant these available legal challenges to the evidence, the pros and cons of asserting those challenges, and their likelihood of success, was more believable and credible than the testimony by Defendant that defense counsel did not make him aware of these matters before Defendant entered his guilty plea. No deficient performance by defense counsel has been demonstrated.
Defendant also complains that defense counsel, in order to induce his guilty plea, made a promise that certain personal items seized by the State would be returned to Defendant, including jewelry, a television set and a motorcycle. According to Defendant, counsel knew that his promise was illusory because some of these items were in the possession of Federal authorities and the State's prosecutor could not bind the Federal authorities to any agreement to return these items and no Federal or state agents had promised defense counsel that these items would be returned to Defendant.
A review of this record reveals that in stating the terms of the plea agreement defense counsel indicated that certain items should be returned to Defendant "if I am successful through the federal government of getting those items, miscellaneous jewelry, television sets, those kinds of items." (Tr. of Plea, 3/19/99, p. 9). Counsel's promise, if that's what it was, was expressly conditioned on the agreement of Federal authorities to release those items. There was no representation made that Defendant would receive these items back as consideration for his guilty plea. Defense counsel simply indicated his willingness to try and obtain release of these items from the Federal authorities and, if successful, that the State would not oppose returning to Defendant. The State did not oppose returning those items, apparently because Federal authorities did not agree to release them. No illusory promise or other deficient performance by defense counsel has been demonstrated. Ineffective assistance of trial counsel has not been shown.
The third assignment of error is overruled. The judgment of the trial court will be affirmed.
 ______________ GRADY, J.
WOLFF, P.J. and YOUNG, J., concur.