DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. The trial court found Thomas M. Rogg, defendant below and appellant herein, guilty of: (1) burglary, in violation of R.C. 2911.12(A)(3); (2) aggravated burglary, in violation of R.C. 2911.11(A)(2); and (3) two counts of breaking and entering, in violation of R.C. 2911.13(A).
 {¶ 2} Appellant raises the following assignments of error for review:
First assignment of error:
 {¶ 3} "The trial court erred as a matter of law/abuse of discretion by denying appellant's request to withdraw his plea of guilty prior to sentencing. [sic]"
Second assignment of error:
 {¶ 4} "The trial court's sentencing was contrary to law."
 {¶ 5} Our review of the record reveals the following pertinent facts. On May 6, 1999, the Highland County Grand Jury returned an eight count indictment charging appellant with burglary, grand theft, aggravated burglary, grand theft, two counts of breaking and entering, theft, and escape. On May 28, 1999, appellant entered a plea of not guilty by reason of insanity.
 {¶ 6} On September 20, 1999, appellant withdrew his plea of not guilty and entered guilty pleas to the following offenses: (1) burglary; (2) aggravated burglary, and (3) two counts of breaking and entering.[1] Prior to accepting appellant's guilty plea, the trial court specifically found that appellant had knowingly, intelligently, and voluntarily entered his guilty pleas. Additionally, the transcript reveals that the court fully complied with Crim.R. 11.
 {¶ 7} On October 29, 1999, appellant orally advised the court that he wished to withdraw his guilty pleas. On February 10, 2000, the court held a hearing regarding appellant's motion to withdraw his guilty pleas. Appellant explained that he "more or less" agreed to plead guilty "because [his] mom was all upset and stuff and she takes medication." Appellant also stated that he talked to a person he believed to be a law clerk or a former lawyer who told appellant that he had "plenty of reasons that [he] could take to a jury trial." Appellant also claimed that his attorney did not want to file a motion to suppress evidence. The court noted, however, that appellant's attorney had, in fact, filed a motion to suppress. Also at the hearing, appellant's attorney informed the court that he had advised appellant not to withdraw the pleas.
 {¶ 8} The trial court rejected appellant's request to withdraw his guilty pleas. The court did not believe that appellant had an adequate basis for his request.
 {¶ 9} On April 3, 2000, appellant filed a motion for leave to appeal, which this court granted.
 I {¶ 10} In his first assignment of error, appellant argues that the trial court abused its discretion by refusing to permit appellant to withdraw his guilty pleas. Appellant argues that his mother's crying during plea negotiations coerced him into pleading guilty. The state asserts that the trial court's decision does not constitute an abuse of discretion.
 {¶ 11} Crim.R. 32.1 governs the withdrawing of a guilty plea. The rule provides:
 {¶ 12} A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 {¶ 13} A motion to withdraw a guilty plea filed prior to sentencing should be "freely and liberally granted." State v.Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Rather, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. A defendant's change of heart or mistaken belief about his guilty plea does not constitute a legitimate basis that requires the court to permit the defendant to withdraw his guilty plea. State v. Lambros
(1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632; see, also,State v. Ausman (Sept. 20, 2000), Ross App. No. 00 CA 2550, unreported; State v. Stufflebean (June 10, 1998), Athens App. No. 97 CA 40, unreported.
 {¶ 14} Whether the circumstances justify granting the defendant's request to withdraw a guilty plea is a matter committed to the sound discretion of the trial court. Xie,
paragraph two of the syllabus. Thus, absent an abuse of discretion, a reviewing court will not reverse a trial court's decision regarding a motion to withdraw a guilty plea. "`Unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" Id., 62 Ohio St.3d at 526,584 N.E.2d at 719 (quoting Barker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223). When applying the abuse of discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 566 N.E.2d 1181 (citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301).
 {¶ 15} In the case at bar, we find no abuse of the trial court's discretion. We agree with the trial court that appellant's claim that he pled guilty only to calm his mother fails to provide a legitimate basis for withdrawing his pleas. Appellant has not provided any credible evidence to prove that his plea failed to satisfy the knowing, intelligent, and voluntary requirements. To the contrary, we note that the trial court specifically found that appellant knew the consequences of pleading guilty and that appellant voluntarily and intelligently entered his pleas. Appellant's claims are without merit.
 {¶ 16} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 17} In his second assignment of error, appellant asserts that the sentence the trial court imposed is contrary to law because the trial court failed to include the specific findings that R.C. Chapter 2929 requires. Specifically, appellant argues that the trial court failed to set forth its reasons for imposing consecutive and maximum sentences. We disagree with appellant.
 {¶ 18} R.C. 2953.08(D) prohibits a criminal defendant from appealing the defendant's sentence if the state and the defendant jointly recommended the sentence as part of a plea negotiation and if the sentence is authorized by law. See, e.g., State v.Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592, unreported. The statute provides:
 {¶ 19} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 20} In the case at bar, the state and the appellant jointly recommended to the trial court the sentence that appellant should receive.[2] Appellant's guilty plea entry reflects that he and the state agreed as follows:
 {¶ 21} "Defendant plea[d]s guilty to counts 1, 3, 5, 7[;] state moves to nolle and dismiss counts 2, 4, 6, 8; state recommends 2 yr count 1, 3 years count 3; 1 yr for count 5 and 1 yr. count 7[,] all served consecutively to each other. State also recommends drug treatment program. * * *. [sic]"
 {¶ 22} Accordingly, if appellant's sentence is "authorized by law," appellant may not appeal the jointly recommended sentence. See R.C. 2953.08(D).
 {¶ 23} A jointly recommended sentence is "authorized by law" if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose. See State v. Ruggles
(Sept. 11, 2000), Clinton App. No. CA99-09-027, unreported;State v. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845, unreported; State v. Gray (June 30, 2000), Greene App. No. 99-CA-103, unreported; State v. Kimbrough (March 2, 2000), Cuyahoga App. Nos. 75642, 75643, 75644, unreported; State v.Amstutz (Nov. 8, 1999), Stark County App. No. 1999CA00104, unreported; State v. Byerly (Nov. 4, 1999), Hancock App. Nos. 5-99-26, 5-99-27, unreported; State v. Henderson (Sept. 27, 1999), Warren County App. No. CA99-01-002, unreported; State v.Henderson (Sept. 27, 1999), Warren App. No. CA99-01-002, unreported; State v. Stacy (May 10, 1999), Warren App. No. CA98-08-093, unreported; State v. Powell (Jan. 22, 1999), Greene App. No. 98 CA 33, unreported.
 {¶ 24} In the case sub judice, appellant's sentence is authorized by law. Appellant pled guilty to (1) burglary, a third degree felony, (2) aggravated burglary, a first degree felony, and (3) two counts of breaking and entering, fifth degree felonies. The corresponding range of sentences is as follows: (1) a prison term of one to five years; (2) a prison term of three to ten years; and (3) prison terms of six to twelve months. See R.C.2929.14(A). The trial court sentenced appellant to consecutive terms of imprisonment as follows: (1) two years for the burglary offense; (2) three years for the aggravated burglary offense; and (3) one year for each of the breaking and entering offenses. Appellant's sentence falls within the statutory range and is therefore "authorized by law" under R.C. 2953.08(D). See, e.g.,Ruggles, supra.
 {¶ 25} Consequently, because appellant and the state jointly recommended the sentence and because appellant's sentence is authorized by law, appellant's sentence is not subject to appellate review. See R.C. 2953.08(D). While appellant asserts that the trial court failed to state the specific reasons for imposing the maximum and consecutive sentences, "such findings were not necessary because the sentence was an `agreed sentence' and was within the bounds authorized by statute." State v.Engleman (Aug. 18, 2000), Hamilton App. No. C-990845, unreported.
 {¶ 26} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY {¶ 27} It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
 {¶ 28} The Court finds there were reasonable grounds for this appeal.
 {¶ 29} It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
 {¶ 30} A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] The trial court dismissed the remaining counts.
[2] The trial court judge, the prosecution, the appellant and appellant's trial counsel engaged in the following dialogue at appellant's February 10, 2000 sentencing hearing:
"THE COURT: I'll ask if the State has anything in regard to sentencing?
MR. COSS: Pursuant to the plea agreement we recommend that the Court impose two years on count one, three years on count three, one year on count five and one year on count seven, to each run consecutively for a total of seven years, and we'll stand by that agreement, despite the fact that he probably deserves more, he is currently, was at the time of this commission of offenses on parole, and we ask that those run consecutive to each other and any parole violation time that he might receive.
THE COURT: Mr. Curren.
MR. CURREN: Stand by the agreement.
THE COURT: Mr. Rogg, you have the right to make a statement at this time if you want to make one, you're not required to, I want you to understand that, but you're allowed to and if you do wish to make a statement this is the time to do it.
MR. ROGG: No, thanks, I said too much already.
THE COURT: I'm sorry?
MR. ROGG: No, thanks, I said too much already. No, thanks, I said too much already.
THE COURT: Is there any reason why the sentence should not be pronounced right now?
MR. ROGG: No."