DECISION AND JUDGMENT ENTRY
This is an appeal from a Pike County Common Pleas Court judgment of conviction and sentence. After pleading guilty, the court found Donald Schoolcraft, defendant below and appellant herein, guilty of rape in violation of R.C. 2907.02(A)(1)(b), and aggravated arson in violation of R.C. 2909.02(A)(2).
The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE EVIDENCE PRESENTED AT MR. SCHOOLCRAFT'S SEXUAL OFFENDER CLASSIFICATION HEARING FAILS TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT HE IS LIKELY TO COMMIT ONE OR MORE SEXUALLY ORIENTED OFFENSES IN THE FUTURE."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT'S SENTENCE OF SIXTEEN YEARS IN PRISON IS CONTRARY TO LAW."
On or about May 14, 2000, appellant and James Heneck set fire to a trailer and a building on Boswell Run Road. Appellant later confessed to the crime and was indicted by the Pike County Grand Jury with one count of aggravated arson in violation of R.C. 2909.02(A)(2).[1]
Several months later, some neighbors observed appellant and his twelve year old step-son (J.S) in their front yard. Appellant stood next to the kneeling J.S., while the child appeared to perform oral sex on his step-father. After a few minutes, neighbors observed appellant turn and place his penis into his pants. The neighbors reported the incident to authorities.
In an interview with the authorities, J.S. confirmed that his step-father had taken him to the front yard and told him to get on his knees and to suck his penis, or he would be grounded. When he refused, J.S. stated that his step-father grabbed his head and forced his penis into J.S.'s mouth.
When the Pike County Sheriff's office interviewed appellant, he denied involvement in the incident and he agreed to take a polygraph test. During the polygraph test, appellant denied the allegation that he forced J.S. to perform oral sex. The test results indicated, however, that appellant's statements were not truthful. When questioned further, appellant explained that he was having difficulty with the polygraph because he was "messing around" with his ten year old step-daughter. Appellant admitted that, in exchange for money, his step-daughter allowed him to insert his finger into her vagina. Although this sort of activity apparently occurred with some frequency, appellant denied that he and the girl ever had "sex" together.
On November 22, 2000, the Pike County Grand Jury returned an indictment that charged appellant with forcible rape of someone less than thirteen years of age in violation of R.C. 2907.02(A)(1)(b). He initially pled not guilty. Subsequently, appellant agreed to plead guilty to the arson and rape offenses in exchange for: (1) the dismissal of the rape charge's force specification (which would have resulted in life imprisonment); and (2) a recommendation for nine years in prison for the rape offense and seven years for the arson offense.
On July 18, 2001, the trial court explained to appellant his constitutional rights and endeavored to ascertain that his plea was knowingly and voluntarily made. After its review of the nature of the charges against appellant, as well as the specifics of the plea agreement, the court accepted appellant's guilty pleas.
At the August 6, 2001 sentencing hearing, the trial court imposed the sentences agreed to as part of the plea negotiations (nine years for the rape conviction and seven years for the arson conviction). The court also ordered that the sentences to be served consecutively. Another hearing was then held on August 9, 2001 to determine appellant's sex offender status. After a review of the record and after hearing testimony from one witness, the court adjudicated appellant to be a sexual predator. See R.C. 2950.01(E). Judgment to that effect was entered August 9, 2001. No immediate appeal was taken from the judgment but, on November 8, 2001, this Court granted appellant leave to file a delayed appeal. The matter is now before us for review.
 I
Appellant argues in his first assignment of error that the trial court erred in adjudicating him to be a sexual predator. We agree, albeit to a lesser extent than he argues in his brief. A "sexual predator" is someone who (1) has been convicted of a sexually oriented offense and (2) is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01 (E)(1). After an offender's conviction, the trial court is required to conduct "a hearing to determine whether the offender is a sexual predator." R.C. 2950.09(B)(1). Both the offender and the prosecutor "shall have an opportunity [at the hearing] to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." Id. Ultimately, in deciding whether an offender is a sexual predator, the trial court is required to consider all relevant factors including, but not limited to, the following:
"(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct." Id. at (B)(2).
Trial courts may not adjudicate an offender to be a sexual predator unless there is clear and convincing evidence in the record to support such a determination. See State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247, 743 N.E.2d 881; State v. Cook, 83 Ohio St.3d 404,423-424, 1998-Ohio-291, 700 N.E.2d 570. "Clear and convincing evidence" is that measure of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegation sought to be established — it is intermediate, more than a mere preponderance, but less than is required to establish something beyond a reasonable doubt. See State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54;Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118. Moreover, a reviewing court will not reverse a trial court's determination that an offender is a sexual predator if that determination is supported by some competent and credible evidence. See State v.Tillery, Cuyahoga App. No. 79166, 2002-Ohio-1587; State v. Maple, Ross App. No. 01CA2605, 2002-Ohio-1595; State v. Mollohan (Aug. 19, 1999), Washington App. No. 98CA13. With these principles in mind, we turn our attention to the proceedings below.
There is no question in the instant case that appellant satisfies the first criteria. Appellant was convicted of rape in violation of R.C.2907.02. The offense is a sexually oriented offense. See R.C.2950.01(D)(1)(a). Thus, the pivotal question is whether appellant met the second criteria (i.e. likely to engage in the future in one or more sexually oriented offenses). We note that the trial court did not expressly answer that question in either its judgment entry or during the adjudication hearing. The court did not discuss any of the R.C.2950.09(B)(2) criteria in the August 9, 2001 judgment, and, at the adjudication hearing the court stated that it found appellant to be a sexual predator because "the victim was under 18-years of age."
The Ohio Supreme Court has held that R.C. 2950.09(B)(2) only requires trial courts to consider relevant statutory criteria; it does not require them to list that criteria. Cook, supra at 426. By the same token, however, courts must "discuss on the record the particular evidence and factors upon which it relies when making its determination" of sexual offender status. Eppinger, supra at 166. The Court has noted that determining sex offender recidivism is, at best, an imperfect science. The language of the statute requires trial courts to reflect, with a degree of caution and care, on the enumerated factors. See State v.Thompson, 92 Ohio St.3d 584, 587-588, 2001-Ohio-1288, 752 N.E.2d 276. Thus, trial courts must provide a general discussion of the statutory factors so that the substance of its decision may be properly reviewed on appeal. State v. Naples, Trumbull App. No. 2000-T-0122, 2001-Ohio-8728;State v. Pasko, Lake App. No. 2000-L-067, 2001-Ohio-8755; State v. Burke
(Sep. 21, 2000), Franklin App. No. 00AP-54.
In the case sub judice, our review of the record reveals the lack of a sufficient discussion of the statutory factors. When we consider the trial court's brief reference to one of the criteria at the sexual predator adjudication hearing, we are not persuaded that the trial court sufficiently engaged in the required statutory analysis or provided a sufficient explanation of its reasons for its finding that appellant is a sexual predator. The court's sole finding (that "the victim was under 18-years old") is not sufficient, in and of itself, to establish that appellant is a sexual predator.
While one may argue that the trial court's statements did constitute a reference to R.C. 2950.09(B)(2)(c), the statement does not reveal that the court actually considered the statutory factors or, for that matter, considered the victim's actual age (beyond the fact that he was under eighteen years of age at the time of the incident). A victim's actual age is most relevant in the context of the offender's age and the offender's relationship to the victim.
Thus, we find that the trial court did not adequately consider the statutory factors. Accordingly, based upon the foregoing reasons, we sustain appellant's first assignment of error.[2]
 II
Appellant argues in his second assignment of error that the trial court erred by imposing consecutive sentences. We disagree.
Our review of the transcript of the August 6, 2001 sentencing hearing reveals the following colloquy between the court and counsel:
 "[THE COURT]: This is Case Number 66-CR-00 and 126-CR-00, State of Ohio versus Donald Schoolcraft. * * * At this time I would ask the State to recite the plea agreement again.
 [THE STATE]: May it please the Court — Mr. Schoolcraft will be entering a plea of guilty in Case 126-CR-00 charging Rape, uh, and that is amended to rape, a felony of the first degree. The State is recommending 9 years on that charge. The defendant in Case 66-CR-00 is pleading guilty to the crime of Aggravated Arson. That's a felony of the second degree. The State is recommending uh, 7 years on that charge. Count two in that case, a felony four Arson, will we dismissed. Uh, Case 157-CR-00 would be dismissed. Uh, there'd be no further charges, uh, relating to these incidents, your Honor. * * * Additionally, the 7 years and 9 years be run consecutive for an aggregate term of 16 years.
[THE COURT]: Anything further?
 [DEFENSE COUNSEL]: That is our understanding, your Honor. * * *" (Emphasis added.)
A sentence is not subject to appellate review if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution as part of a plea bargain, and is imposed by the sentencing judge. R.C. 2953.08 (D); also see State v. Thomas, Montgomery App. No. 18943, 2002-Ohio-1895; State v. Stansell (Apr. 20, 2000), Cuyahoga App. No. 75889. Similarly, when the parties agree to consecutive sentences and those sentences are authorized by law, appellant courts generally will not review such sentences on the basis that the trial court did not consider the appropriate R.C. 2929.24(E)(4) factors before it imposed the consecutive sentences. See State v. Sykes, Franklin App. No. 01AP-915, 01AP-917 01AP-918, 2002-Ohio-1922; State v. Riley, Athens App. No. 00CA44, 2001-Ohio-2487.
We believe that the sentencing hearing transcript reveals that consecutive sentences were jointly recommended and agreed to as part of the plea negotiations. Moreover, we find that the sentences were authorized by law.[3] Therefore, appellant's sentences are not subject to our review.
Accordingly, based upon the foregoing reasons we overrule appellant's second assignment of error. Thus, having sustained appellant's first assignment of error, the judgment of the trial court is hereby affirmed in part, reversed in part, and the case remanded for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part and reversed in part, and the case be remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] The arson case was later joined with this case for purpose of the plea agreement and sentence. Consequently, the record before us does not contain the original arson indictment or any other specific information related to that matter. We take this information from the pre-sentence investigation report, as well as the statement of facts in appellant's brief.
[2] We hasten to add that we do not reach the question of whether appellant's classification as a sexual predator was proper, or if sufficient competent, credible, evidence exists in the record to support that classification. We hold only that the court did not engage in the requisite analysis, as set forth by the relevant Ohio Supreme Court decisions, to make that determination and to give a sufficiently detailed explanation of its reasons.
[3] A jointly recommended sentence is "authorized by law" if it does not exceed the maximum sentence that the statute permits a trial court to impose. State v. Rogg, Highland App. No. 00CA07, 2001-Ohio-2366; Statev. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845; State v.Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643 75644. Rape, a first degree felony, is subject to a term of imprisonment of up to ten years. Arson, a felony of the second degree, is subject to a term of imprisonment of up to eight years. R.C. 2929.14(A)(1)(2). The nine and seven year terms that appellant received respectively on those counts are well within the terms set forth in the statute.