DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. Marcus D. Birchfield, defendant below and appellant herein, raises the following assignment of error for review:
"The sentence imposed is contrary to law where the required sentencing findings are absent."
 {¶ 2} The Scioto County Grand Jury returned an indictment charging appellant with one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1). Appellant was apparently captured on a videotape security camera removing a safe from the Bailey's Convenient Mart office in Franklin Furnace, Ohio. The safe contained approximately seven hundred dollars.
 {¶ 3} On August 8, 2003, appellant, with the assistance of counsel, withdrew his not guilty plea and entered a guilty plea. At the hearing, the trial court judge reviewed appellant's constitutional and statutory rights and posed to appellant the following question:
"Has anyone promised you anything, threatened you or made any inducements to you whatsoever which has caused you to come in here, waive your Constitutional rights and enter a plea to this serious charge other than my representations to your attorney that I would set a maximum of nine months in prison, that I am going to stay execution of sentence until Tuesday.[?]"
 {¶ 4} Appellant answered in the negative. At the August 12, 2003 sentencing hearing, the trial court asked appellant and appellant's counsel if they had "anything you would like to say at this time before I impose sentence?" Appellant's trial counsel answered "Nothing other than what we have already discussed and was agreed to prior to the plea." At a later point in the hearing, appellant's counsel stated:
"Well I think that there is a letter signed by Anita Mathew which Mr. Birchfield is aware of and this was written following the meetings with Ms. Hampton and the Court here on the 6th, in which it was agreed that `Judge Harcha stated that he would sentence Mr. Birchfield to a term of nine months in the Ohio Department of Rehabilitation and Correction' * * *."
At the conclusion of the hearing the trial court sentenced appellant to a nine month period of incarceration. Appellant filed a timely notice of appeal.
 {¶ 5} In his sole assignment of error, appellant asserts, citing R.C. 2929.11, 2929.13 and 2929.14, that the trial court did not comply with the applicable sentencing guidelines and did not make the required sentencing findings.
 {¶ 6} Appellee argues that appellant's sentence is the product of an agreement between appellant and the prosecution. Thus, appellee reasons that pursuant to R.C. 2953.08(D), appellant's sentence is not subject to appellate review. Appellee further notes that in light of the fact that appellant has served two previous prison terms, appellant's trial counsel secured a favorable sentencing agreement with the prosecution.
 {¶ 7} After our review of the change of plea hearing transcript and the sentencing hearing transcript, it appears that appellant's sentence is an agreed sentence and falls within the purview of R.C. 2953.08(D). The statute provides in pertinent part:
A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
 {¶ 8} Generally, if an imposed sentence is an agreed sentence, the sentencing court need not state or specify the normally required statutory findings. See State v. Walls, Erie App. No. E-01-021, 2002-Ohio-3578 at 23-26. In the case sub judice, the trial court imposed the identical sentence that had been secured through an agreement between the appellant and the prosecution and with the consent of the trial court. Appellant's sentence is "authorized by law."[2] Consequently, because the appellant and the prosecution agreed and recommended the sentence and because appellant's sentence is authorized by law (1) the trial court could dispense with the various findings and determinations that would have been required in a typical sentencing proceeding, and (2) the sentence is not subject to appellate review. State v. Thomas, Montgomery App. No. 18943, 2002-Ohio-1895; State v. Stansell (April 20, 2000), Cuyahoga App. No. 75889; State v. Schoolcraft, Pike App. No. 01CA673, 2002-Ohio-3583.
 {¶ 9} Accordingly, based upon the foregoing reasons we overrule appellant's assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
[2] A jointly recommended sentence is "authorized by law" if it does not exceed the maximum sentence that the statute permits a trial court to impose. State v. Rogg, Highland App. No. 00CA07, 2001-Ohio-2366; State v. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845; State v. Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643 75644.