DECISION AND JUDGMENT ENTRY
{¶ 1} Dennis Palmer appeals the Highland County Common Pleas Court's denial of his pre-sentence motion to withdraw his guilty plea under Crim.R. 32.1. Palmer contends that he is innocent of the charge that was dismissed as part of the plea agreement and he wants a jury trial on that charge. Because Palmer's basis for withdrawing his plea amounts to "a change of heart," which is not a proper basis for granting such a motion, we conclude that the trial court did not abuse its discretion.
 {¶ 2} Palmer was indicted on charges of kidnapping and rape. In September 2001, the case went to trial. The jury acquitted Palmer of the kidnapping charge but was unable to reach a verdict on the rape charge. Subsequently, the grand jury indicted Palmer on a charge of unlawful sexual conduct with a minor, a charge that arose from the same facts and circumstances as the previous rape charge. The two charges, rape and unlawful sexual conduct with a minor, were consolidated for trial.
 {¶ 3} Prior to trial, Palmer entered into a plea agreement in which he would plead no contest to the charge of unlawful sexual conduct with a minor in exchange for dismissal of the rape charge. After complying with the agreement but before being sentenced, Palmer filed a motion to withdraw his no contest plea. At the hearing on his motion, Palmer's counsel argued that Palmer contended he was innocent of the rape charge. Counsel stated that Palmer wanted to go to trial so he could be acquitted rather than having the charge dismissed.[1] Palmer expressly noted his agreement with counsel's argument. The trial court denied Palmer's request to withdraw his plea. Palmer appeals, raising the following assignment of error: "The trial court erred to the prejudice of appellant by overruling his pre-sentence motion to withdraw his guilty plea pursuant to Criminal Rule 32.1."
 {¶ 4} Under Crim.R. 32.1, a defendant may file a motion to withdraw his guilty plea prior to sentencing. While a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw a plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715,State v. Ausman, Ross App. No. 00CA2550, 2000-Ohio-1953. The trial court must hold a hearing on the motion to determine whether the defendant has a reasonable and legitimate basis for the withdrawal of his plea. Xie at paragraph one of the syllabus.
 {¶ 5} The determination of whether to grant a motion to withdraw a guilty plea is left to the sound discretion of the court. Xie at paragraph two of the syllabus. A trial court's decision on a motion to withdraw a guilty plea will not be reversed unless the trial court has abused its discretion. Xie at 528, Ausman, supra. An abuse of discretion consists of more than error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.State v. Lessin, 67 Ohio St.3d 487, 494, 1993-Ohio-52, 620 N.E.2d 72;Rock v. Cabral (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 137-38, 566 N.E.2d 1181, citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 6} Palmer's sole reason behind his motion to withdraw his no contest plea was a desire to be acquitted of the rape charge rather than having the charge dismissed. He indicated that a dismissal of the charge was not the same as a finding of "not guilty". This rationale amounts to a "change of heart," which is not a legitimate basis for granting a presentencing motion to withdraw a plea. See _State v. Wright (Oct. 2, 1996), Highland App. No. 95CA891, citing State v. Lambros (1988),44 Ohio App.3d 102, 103, 541 N.E.2d 632.
 {¶ 7} Palmer was represented by competent counsel when he entered his no contest plea. At that time, the trial court complied with Crim.R. 11 making sure Palmer understood the nature and consequences of his plea. Palmer indicated that he and his attorney had discussed the plea agreement and that he understood it. In addition, Palmer stated that he understood the constitutional rights he was giving up by entering a plea. According to Palmer, his plea was voluntarily given and was not the result of coercion.
 {¶ 8} Moreover, Palmer was afforded a full hearing on his motion to withdraw his no contest plea. He was given the opportunity to present any and all arguments in support of his motion. The only argument Palmer advanced was a desire to be acquitted of rape rather than have the charge dismissed. He did not contend that he was innocent of the crime to which he actually pled no contest, i.e. unlawful sexual conduct with a minor. He simply had a change of heart over the dismissal of the rape.
 {¶ 9} Having reviewed the record, we cannot say that the trial court acted arbitrarily, unreasonably or unconscionably. We conclude that the trial court did not abuse its discretion when it denied Palmer's motion to withdraw his no contest plea because Palmer's basis for that motion was simply a change of heart on a charge to which he did not even plead. Accordingly, we overrule Palmer's assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] The hearing we refer to occurred on February 14, 2002, during which counsel referred to Palmer's prior appearance on January 18, 2002. Apparently Palmer made an oral motion to withdraw his plea at that time. No transcript of that hearing exists in the record. Nor does the docket sheet indicate that a hearing occurred on January 18, 2002.