OPINION
{¶ 1} Defendant, Derrick L. Forest, appeals from an order denying his Crim.R. 32.1 motion to withdraw his guilty plea.
 {¶ 2} Defendant was charged with possessing less than one gram of crack cocaine. R.C. 2925.11(A). Defendant subsequently entered a guilty plea to that offense. At the plea hearing the trial court informed Defendant that the possible prison sentence was six to twelve months, and that although Defendant was eligible for community control and that the court would consider that, the court would not promise that disposition. The court additionally advised Defendant that because he was currently on post release control, his guilty plea could result in the trial court revoking that post release control and imposing up to one-half of the original prison sentence. After Defendant acknowledged that he understood these matters, the trial court accepted his guilty plea and ordered a presentence investigation.
 {¶ 3} At the subsequent sentencing hearing Defendant moved to withdraw his guilty plea:
 {¶ 4} "THE COURT: This is Derrick Lamar Forest, case number 2002-CR-2483, scheduled for sentencing today. This matter was originally scheduled for sentencing on October 31st, 2002. The Court asked for a Monday screen. The Defendant refused to participate in the Monday program. This court is prepared to proceed to final disposition.
 {¶ 5} "Anything you'd like to say today, Mr. Bailey?
 {¶ 6} "MR. BAILEY: Yes, Your Honor. Mr. Forest has indicated that he would like to at this time withdraw his guilty plea.
 {¶ 7} "THE COURT: And the basis, Mr. Bailey?
 {¶ 8} "MR. BAILEY: Dissatisfaction with counsel's representation.
 {¶ 9} "THE COURT: Mr. Forest, is there anything further you wish to say today, sir?
 {¶ 10} "THE DEFENDANT: Yes, ma'am. When I first met with Mr. Bailey, I told him what went on with the case, and Mr. Bailey told me to plead guilty. Well, he didn't tell me to plead guilty, but he advised me to plead guilty with the presumption of probation. So that's what I did. And all through the course, you know, I haven't seen Mr. Bailey any time but the first time I seen him, and after talking with my — I told him that, you know, the person whose stuff that was had volunteered to come into court and testify on my behalf and to also go down to the detectives in Montgomery County, the detectives and talk to the detectives and whatever else they had to do.
 {¶ 11} "Mr. Bailey told me that he couldn't work with that or that wasn't — he couldn't do anything with that, that he couldn't make a jury believe that, you know, that somebody said to me, and under the — to the circumstance that he couldn't win my case and that he would get me probation. So I pled guilty, Your Honor, and now, you know what I'm saying, it seems like I'm going to go back to prison, and I would like to withdraw my plea and get me a different lawyer and see what that lawyer can do." (T. 3).
 {¶ 12} After hearing Defendant's statement, the trial court concluded that Defendant did not have a legitimate basis for withdrawing his guilty plea but rather had experienced a "change of heart" because he was displeased with the prospect of going to prison. Accordingly, the trial court denied Defendant's motion to withdraw his guilty plea, and sentenced him to nine months imprisonment.
 {¶ 13} Defendant has timely appealed to this court from his conviction and sentence, challenging the trial court's denial of his motion to withdraw his guilty plea.
 FIRST ASSIGNMENT OF ERROR {¶ 14} "The trial court erred to the prejudice of appellant by not conducting a fair and full hearing prior to denying appellant's motion to withdraw guilty plea."
 {¶ 15} Although a defendant does not have an absolute right to withdraw his guilty plea prior to sentencing, requests to withdraw a guilty plea made before sentencing should be "freely allowed" if there exists a legitimate basis for withdrawal. State v. Xie (1992),62 Ohio St.3d 521. A hearing ordinarily is required to determine whether a legitimate basis exists for withdrawing a guilty plea. Id.
 {¶ 16} A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980), 68 Ohio App.2d 211; State v. Ellison
(March 20, 1998), Montgomery App. No. 16535.
 {¶ 17} Appellate review of a trial court's decision granting or denying a motion to withdraw a guilty plea is limited to determining whether the trial court abused its discretion. Xie, supra. An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 18} Defendant claims that the trial court abused its discretion because it did not afford him an evidentiary hearing on his plea withdrawal request, and therefore did not give full and fair consideration to that request. We disagree.
 {¶ 19} This court has previously held that trial court's inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before sentence is imposed, can constitute a full and fair hearing on that motion. State v. Holloman
(June 22, 2001), Greene App. No. 2000CA82; State v. Mooty (August 31, 2001), Greene App. No. 2000CA72, 2001-Ohio-1464. That is the case here.
 {¶ 20} The trial court provided both Defendant and his counsel with an opportunity to state the reasons why Defendant wanted to withdraw his guilty plea. Defendant stated that he was not satisfied with his attorney's services, but in only very general terms. However, and as the trial court noted, Defendant's statements support a conclusion that the true reason why Defendant wanted to withdraw his guilty plea was because he had a "change of heart," one prompted by his dissatisfaction with the sentence the court might impose, a term of imprisonment rather than probation. That is not a legitimate basis for withdrawing a guilty plea when Defendant understood, at the time he entered his plea, the minimum and maximum sentences that could be imposed and that no particular sentence, including probation, had been promised to him. Wallace, supra;State v. Lambros (1988), 44 Ohio App.3d 102.
 {¶ 21} The record before us demonstrates that the requirements ofPeterseim, supra, were fully satisfied: Defendant was represented by a very experienced, highly competent defense counsel, Dennis Bailey. Defendant was afforded a Crim.R. 11 hearing at the time he entered his guilty plea. Defendant was afforded a full and fair hearing on his plea withdrawal request. And, the trial court gave full and fair consideration to that request. We see no abuse of discretion on the part of the trial court in overruling Defendant's motion to withdraw his guilty plea.
 {¶ 22} The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, P.J. and YOUNG, J., concur.