OPINION
{¶ 1} Melvin A. Brown appeals from his conviction of four counts of aggravated robbery and two counts of kidnaping and the firearm specification which accompanied these charges. Brown contends in this appeal that the trial court erred in overruling his motion to withdraw the guilty pleas he entered on these charges.
 {¶ 2} The State alleged that Brown on October 14, 2002 kidnaped Matthew Lowry in the parking lot of Wright State University at gunpoint and of stealing Lowry's car and cell phone. The State alleged that on October 31, 2002, Brown kidnaped Paul Gardner at gunpoint in the parking lot of the Fairfield Mall and forced Gardner to Fairborn, Ohio where he stole Gardner's car and money from him. Subsequently, on November 1, 2002, Beavercreek, Ohio detectives and members of the Dayton Police robbery squad went to a residence in Dayton where Brown was residing and searched it and recovered property belonging to both victims.
 {¶ 3} Brown was indicted on November 7, 2002, and Brown retained Patrick Mulligan to represent him. In December, 2002, Mulligan moved to suppress a photo spread identification of Brown and the evidence recovered from the search of Brown's mother's home. The trial court overruled the motion on February 17, 2003 after conducting a full hearing. On April 1, 2003, six days before the scheduled trial date, Mulligan moved to withdraw as Brown's counsel. He asserted in the motion that "there has been a failure on the part of Mr. Brown to uphold certain conditions and promises necessary for continuing representation." (client hasn't paid his fee in full). Mulligan stated that this created an underlying substantial conflict and that because of this conflict he could not provide zealous representation. The trial court overruled Mulligan's motion because the court noted it had previously continued the trial date and because the motion was simply untimely.
 {¶ 4} On the day of trial, Brown entered guilty pleas to all the charges and specifications and the court referred the matter for a pre-sentence investigation. On April 18, 2003, Brown moved to withdraw his guilty pleas because he contended that Mulligan had performed in an inadequate manner and that Mulligan had never taken him seriously when he expressed a desire to take the matters to trial. On May 5, 2003, the trial court overruled Brown's motion noting Brown had tendered his guilty pleas on the day of trial and the convened jury panel had been discharged. The court also noted that Brown had entered his pleas knowingly and voluntarily and that he had ample time to consider his decision to enter those pleas. The trial court then sentenced Brown to four concurrent five year sentences on the aggravated robbery charges, and two concurrent four year sentences on the kidnaping charges to be consecutive to the aggravated robbery charges. The court also imposed a three year mandatory sentence on the firearm specification for a total of 12 years.
 {¶ 5} Brown contends the trial court erred in not permitting him to withdraw his guilty pleas or at a minimum should have provided him a hearing on his motion. Brown also contends the trial court's ruling on his motion lacked consideration of the many factors to be weighed in deciding such a motion. For its part, the State argues that Brown did not demonstrate that the trial court abused its discretion, and that he was represented by highly competent counsel. The State also notes that the trial court fully complied with Crim. R. 11 through a painstaking colloquy with Brown and that Brown fully
 {¶ 6} admitted his guilt at the plea hearing. The State also notes that Brown did not protest his innocence in his withdrawal motion.
 {¶ 7} Ohio Crim. R. 32.1 provides:
 {¶ 8} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 9} The leading case on plea withdrawals is State v. Xie
(1992), 62 Ohio St.3d 521, 584 N.E.2d 715. Xie holds that a decision on a pre-sentence plea withdrawal motion is within the trial court's discretion. Id. at 526. "Abuse of discretion" connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 114. Xie upheld prior case law that a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted. Id. at 526. Xie further held that a trial court must conduct a hearing to determine if there is a reasonable and legitimate basis for withdrawal of the guilty or no contest plea. Id. at 527. An appellate court can reverse if appropriate. Id. at 526, 527.
 {¶ 10} Appellate courts have listed several factors that should be addressed by a trial court in ruling on a motion to withdraw. In State v. Peterseim (1979), 68 Ohio App.2d 211,428 N.E.2d 863, the court held the trial court should consider (1) where the accused is represented by highly competent counsel; (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11 before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. Other factors to be considered are the timing of the motion to withdraw, the reasons given for the withdrawal, the defendant's understanding of the charges and penalties, and the existence of a meritorious defense. State v. Fish (1995),104 Ohio App.3d 236, 661 N.E.2d 788. The trial court should also consider the prejudice to the state and its witnesses. State v.Lambros (1988), 44 Ohio App.3d 102, 541 N.E.2d 632; State v.Griffin (2001), 141 Ohio App.3d 551, 752 N.E.2d 310.
 {¶ 11} In this matter, Brown was represented by a highly competent and experienced counsel. He was afforded a full hearing pursuant to Crim. R. 11 before he entered his pleas. The motion to withdraw was filed by Brown before he was sentenced but after the State's witnesses had been released and the court required to rearrange its trial calendar to try a case that had been amicably handled. State v. Lambros, supra, at fn. 1, 103. Brown also never alleged in his motion that his counsel had failed to investigate the charges against him or failed to interview or produce any witness who would have provided a defense to the charges against him.
 {¶ 12} On the record presently before us, there is no evidence that the trial court abused its discretion in denying Brown's motion. However, we agree with Brown that in order to give him a full and fair consideration to his plea withdrawal request the trial court was required to afford him a hearing on his pre-sentence withdrawal motion. State v. Xie, supra at syllabus 1.
 {¶ 13} The assignment of error is sustained in part and the judgment of the trial court is Reversed and Remanded for further proceedings.
Young, J., and Grady, J., concur.