JOURNAL ENTRY AND OPINION
{¶ 1} Angelo Jordan appeals his conviction and sentence handed down by the Cuyahoga County Court of Common Pleas, Criminal Division. After a review of the record and arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} On November 25, 2003, appellant was indicted and charged with possession of drugs, in violation of R.C. 12929.11; drug trafficking with a firearm specification, in violation of R.C. 2925.03 and R.C. 2941.141; and having a weapon under disability, in violation of R.C. 2923.12. After several pretrial hearings, including a hearing on a motion to suppress evidence filed by appellant, appellant withdrew his not guilty plea and entered a plea of guilty to the charges as amended to drug trafficking, a felony of the second degree, without a firearm specification. The trial court accepted the appellant's plea and set a sentencing hearing for May 12, 2004.
 {¶ 3} Appellant filed a motion to withdraw his guilty plea one day prior to sentencing, and the court continued the sentencing hearing to May 21, 2004. After a hearing on the appellant's motion, the court found that the plea had been entered knowingly, voluntarily and intelligently and denied the appellant's motion to withdraw it. The trial court sentenced appellant to a two-year term of incarceration, with credit for time served. Appellant now presents one assignment of error for our review.
 {¶ 4} "The trial court abused its discretion in denying appellant's motion to withdraw his plea prior to sentencing."
 {¶ 5} A motion to withdraw a guilty plea prior to sentencing is to be freely allowed and treated with liberality. State v. Peterseim (1980),68 Ohio App.2d 211, 214, citing Barker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223; State v. Crayton (Sept. 4, 2003), Cuyahoga App. No. 81257. However, the decision to grant or deny such a motion is within the sound discretion of the trial court; a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Statev. Xie (1992), 62 Ohio St.3d 521. Abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Lambros (1988),44 Ohio App.3d 102, citing State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 6} The factors to be considered in determining whether the trial court abused its discretion in denying a withdrawal motion are: (1) the competency of the accused's counsel; (2) whether the accused was offered a Crim.R. 11 hearing before entering the plea; (3) whether the accused is given a complete and impartial hearing on the motion to withdraw; and (4) whether the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim, supra, at 214.
 {¶ 7} There is no indication that the trial court abused its discretion in the instant case. Appellant was represented by competent counsel throughout the underlying case and does not allege that their representation of him was in any way subpar. The trial court held a Crim.R. 11 hearing on April 27, 2004, at which the trial court properly advised appellant of his rights. Appellant indicated that he understood the consequences of his plea and that he was not coerced or threatened into changing his plea to guilty.
 {¶ 8} Once the motion to withdraw the plea was filed, the trial court held another lengthy hearing on the motion and heard testimony on May 21, 2004 from the following witnesses: attorney Steve Bradley; appellant's girlfriend, Lakisha Cowsette; appellant Jordan; and Cleveland Police Detective Joseph Bovenzi. Thereafter, the trial court heard arguments of counsel. Appellant's counsel was afforded ample opportunity to argue appellant's motion and to examine witnesses at the motion hearing.
 {¶ 9} Finally, it is clear that the trial court gave full and fair consideration to appellant's request to withdraw his plea. The court discussed at length on the record the reasons for her decision to overrule the motion, including the following statements:
 {¶ 10} "Now, so I'm not hearing anything other than Mr. Jordan changing his mind. He knew the pros and cons of what he was facing. * * * The most critical testimony that persuades me that this is simply a change of heart is Mr. Jordan's two different times on the witness stand admitting that if he had been offered a one-year deal, he would be willing to plea even though he was innocent. * * * I am just using the evidence that was on this hearing and all of the other outlining things I have given you in my laborious recitation today." (Tr. pp 87-98).
 {¶ 11} At the conclusion of the hearing, appellant's counsel and appellant were allowed to address the court, prior to sentencing.
 {¶ 12} Therefore, we find nothing in the trial court's handling of this matter to evidence that the decision to deny the motion to withdraw the plea was unreasonable, unconscionable or arbitrary. The appellant's sole assignment of error lacks merit and is hereby overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Karpinski, J., Concur.