OPINION
{¶ 1} Defendant-appellant Kevin Collins appeals from a decision of the Greene County Court of Common Pleas overruling his motion to vacate his plea of no contest to one count of gross sexual imposition, a felony of the third degree. For the following reasons, the judgment of the trial court will be affirmed.
 {¶ 2} On May 30, 2003, Collins was originally indicted for three counts of gross sexual imposition. The trial date was set for April 26, 2004. After negotiations on the day of trial, Collins agreed to plead no contest to one count of gross sexual imposition on the condition that the State agreed to dismiss the remaining counts and recommend that he serve no prison time. One last requirement of his plea was that Collins attend an assessment to determine any issues with respect to his sexual behavior. After the trial court complied with the mandate of Crim. R. 11 during the plea hearing on April 26, 2004, Collins was found guilty of one count of gross sexual imposition
 {¶ 3} After attending the assessment, Collins was found to be unamenable to treatment and community control sanctions because he failed to admit any responsibility for the offense. After realizing that he would be subject to prison time based on the recommendation of the Adult Probation Department, Collins filed a motion to vacate his no contest plea on September 21, 2004.
 {¶ 4} On October 14, 2004, the trial court held a hearing on Collins' motion to vacate. In an opinion dated November 24, 2004, the trial court overruled Collins' motion. On December 21, 2004, Collins was sentenced to one year in prison for one count of gross sexual imposition.
 I {¶ 5} Essentially, Collins argues that he was unaware that he would be asked to admit to some culpability with respect to his alleged sexual behavior. Thus, he should have been allowed to vacate his no contest plea because he was unaware of the circumstances surrounding the sexual assessment. Collins argues that if had he known that he would be required to admit to the allegations against him, he would not have accepted the plea negotiation. Collins contends that it is clear from the totality of the circumstances that he was under duress when he plead to the one count of gross sexual imposition. Therefore, his no contest plea was not made knowingly or voluntarily, and the trial court should have sustained his motion to vacate.
 {¶ 6} At the hearing on the motion to vacate, the attorney who represented Collins at the time of his plea was the only witness to testify. Collins' attorney characterized the situation as being "between a rock and hard place" since Collins plead no contest to the charge against him but was subsequently required by the Probation Department to accept responsibility for the crime. Collins did not testify at the hearing, but in his affidavit attached to the motion to vacate, he stated the following:
 {¶ 7} "2. It was always my idea to have a Trial because I was not guilty of what I was accused."
 {¶ 8} "3. The morning of Trial I got scared because I didn't want to risk going to prison."
 {¶ 9} "4. My lawyer told me if I tried my case to a jury and I lost, I could go to prison for several years."
 {¶ 10} "5. My lawyer said the prosecutor was giving me a choice to plead to a charge with nothing about sex and I would do six months in the county jail or I could plead as charged and get no jail time."
 {¶ 11} "6. I told my lawyer I could not risk going to prison for something I didn't do and and I would chose (sic) the deal where I didn't do any jail time."
 {¶ 12} "7. If this is not the deal I pled to I want my plea back and I want a trial."
 {¶ 13} A motion to withdraw a guilty or no contest plea should be granted only to correct a manifest injustice if made after sentencing, but may be granted more freely if made before sentencing. Crim. R. 32.1;State v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. Despite the more lenient standard applicable to pre-sentence motions, however, a defendant does not have an absolute right to withdraw a plea prior to sentencing. Id. at paragraph one of the syllabus. It is within the sound discretion of the trial court to determine what circumstances justify granting a motion to withdraw a plea. State v. Peterseim (1980),68 Ohio App.2d 211, 214, 428 N.E.2d 863. Unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion in denying a motion to vacate a plea prior to sentencing, and the trial court's decision will not be reversed on appeal. Id.
 {¶ 14} A trial court does not abuse its discretion in overruling a motion to vacate: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. Peterseim, supra.
 {¶ 15} Collins does not contend that the trial court's Crim. R. 11 colloquy was deficient or that he was not given a proper hearing on his motion to withdraw his no contest plea. Nor does Collins assert that his counsel's performance was lacking in any way. As the trial court noted, Collins did not express any reservations about his no contest plea and was advised that the trial court was not bound by the plea agreement or any recommendation from the State. Moreover, Collins answered affirmatively when asked if he wished to enter a no contest plea to one count of gross sexual imposition after said charge was explained in detail by the State. The record clearly reveals that the court gave full and fair consideration to Collins' plea withdrawal request.
 {¶ 16} In his affidavit, Collins stated that his main concern was not having to do any jail time. However, as stated above, Collins understood from both the trial court and his own attorney that the court was in no way bound by the recommendation from the State that he not serve time in prison. Collins argues that his decision to withdraw his plea was not a "change of heart." Instead, Collins argues that he would not have accepted the plea if he had known that he would be required to admit to the accusations against him. Collins' argument is undermined by the fact that his plea of no contest is not an admission of guilt, but rather an admission of the truth of the facts alleged in the indictment. Thus, by pleading no contest, Collins was able to avoid admitting his culpability for the instant offense, which is precisely what he was allowed to do.
 {¶ 17} As the Eighth District stated in State v. Lambrose (1988),44 Ohio App.3d 102, 103, 541 N.E.2d 632, a defendant should not be permitted to withdraw a guilty plea because he becomes aware that an unexpected sentence is going to be imposed and has a change of heart. Although Lambrose dealt with the withdrawal of a guilty plea, the same rationale can be applied to the instant case.
 {¶ 18} In his affidavit, Collins' stated goal in pleading no contest was to avoid jail time. From the record of Collins' plea hearing, it is clear that he understood the nature of his no contest plea and acquiesced to it. Collins was made aware by the trial court and his attorney that he could receive prison time despite the recommendation from the State. Thus, simply because Collins became cognizant of the fact the he might receive a jail sentence after he agreed to the plea does not provide a sufficient basis upon which to reverse the decision of the trial court overruling his motion to vacate.
 {¶ 19} Collins' sole assignment of error is overruled.
 II {¶ 20} Collins' sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Brogan, P.J. and Young, J., concur.