[Cite as *State v. Williams*, 2014-Ohio-1704.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2013-0041 |
| PAUL WILLIAMS JR. | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
Common Pleas Court, Case No.
CR2012-96


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 17, 2014


APPEARANCES:


For Plaintiff-Appellee    For Defendant-Appellant


RON WELCH    ERIC J. ALLEN
Assistant Prosecuting Attorney    The Law Office of Eric J. Allen, Ltd
27 North Fifth Street    713 South Front Street
Zanesville, Ohio 43701    Columbus, Ohio 43206

*Hoffman, P.J.*

{¶1} Defendant-appellant Paul D. Williams, Jr. appeals his conviction and sentence entered by the Muskingum County Court of Common Pleas on one count of theft, in violation of R.C. 2913.02(A)(1). Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On March 12, 2012, the Muskingum County Grand Jury indicted Appellant on one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1), stemming from an incident in which he approached the victim in his garage and demanded $400. The man refused, and Appellant subsequently offered to sell the man a tractor and a plow in exchange for the $400. The victim agreed, later telling police he did so because he feared for his safety. The victim then gave Appellant $400, in exchange for Appellant agreeing to return the following day to deliver the tractor and plow. Appellant provided the victim with his social security number and date of birth, in addition to allowing the victim to photograph him. Appellant never returned with the tractor and plow.

{¶3} Subsequently, the Muskingum County Sheriff's Office located and interviewed Appellant. The Sheriff's Office gave Appellant several opportunities to return the money in exchange for no charges being filed. Appellant failed to return the money to the victim.

{¶4} On June 24, 2013, Appellant entered a plea of guilty to the offense of theft. On July 22, 2013, Appellant moved the trial court to withdraw his guilty plea. The trial court conducted a hearing on the motion to withdraw plea, and denied the same.

{¶5}   On August 12, 2013, the trial court sentenced Appellant to twelve months in the Ohio Department of Corrections and Rehabilitation.

{¶6}   Appellant appeals, assigning as error:

{¶7}   "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO TWELVE MONTHS IN PRISON.

{¶8}   "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA."

I.

{¶9}   In the first assignment of error, Appellant maintains the trial court erred in sentencing him to twelve months incarceration following his guilty plea, in which he reached an agreement with the State for six months incarceration, community control and restitution.  We disagree.

{¶10}  At sentencing herein, the trial court examined Appellant's lengthy criminal record, including multiple counts of theft offenses.  The trial court stated,

{¶11}  "The Court: Why would I think you would pay restitution this time?

{¶12}  "The Defendant: At that time, sir, I didn't have the income coming in I have now.  I can pay.  I've had heart surgery done.  I do get a check every month for disability.

{¶13}  "The Court: But this is the last ten or fifteen years.  You've been stealing longer than that.  You've been stealing from people.

{¶14}  "The Defendant: I agree with you, sir.  I've been stupid.

{¶15}  "The Court: Still appears as if you are.  You just got convicted again.

{¶16}  "The Defendant: Yes, sir.

{¶17} "The Court: Based on your record, I can't follow the State's recommendation, Mr. Williams. In that regard, Count I, you'll be sentenced to twelve months in prison. You will be ordered to pay court costs in this matter. You will be given credit for the 131 days of time served, and you will be ordered to pay restitution of $400.

{¶18} "I must inform you that, upon your release from prison, it's optional but the Adult Parole Authority could place you upon what is known as post-release control. That could be for a period of up to three years.

{¶19} "While on post-release control, you would be subject to a variety of rules and regulations. Should you fail to follow those rules and regulations, you can be sent back to prison for a period of up to nine months for each rule violation you may commit. The total amount of time you could be sent back to prison would be equal to one-half of your original sentence.

{¶20} "If you commit a new felony while on post-release control, in addition to any sentence you receive for that new felony, additional prison time could be added to that sentence in the form of the time you have left on post-release control or one year, whichever is greater. Do you understand your sentence?

{¶21} "The Defendant: Yes, Your Honor."

{¶22} Tr. at 11-12.

{¶23} We find the trial court's decision was not contrary to law. The trial court considered the purposes and principles of sentencing. The sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124 (2008)

**{¶24}** An abuse of discretion is "'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

**{¶25}** In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations. The court considered Appellant's substantial criminal history, including multiple theft offenses. Appellant's criminal history demonstrated a consistent failure to comply with restitution. We conclude the trial court did not abuse its discretion in sentencing Appellant.

**{¶26}** The first assignment of error is overruled.

II.

**{¶27}** In the second assignment of error, Appellant maintains the trial court erred in denying his motion to withdraw his guilty plea. Appellant argues a motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal. *State v. Xie* (1992), 62 Ohio St.3d 521.

**{¶28}** At the hearing on the motion to withdraw his plea, the following occurred on the record,

**{¶29}** "THE COURT: …You understand you were pleading guilty?

**{¶30}** "THE DEFENDANT: Yes, I did understand that.

**{¶31}** "* * *

**{¶32}** "THE COURT: But you changed your mind?

**{¶33}** "THE DEFENDANT: Yes, Your Honor.

**{¶34}** "* * *

**{¶35}** "THE COURT: Anything more than that?

**{¶36}** "THE DEFENDANT: Just that I'm sorry, but I feel that I'm not guilty.  That's the reason I want to withdraw my plea.

**{¶37}** "THE COURT: But the - -

**{¶38}** "THE DEFENDANT: I - -

**{¶39}** "THE COURT: - - facts haven't changed from when you pled guilty to now. Right?

**{¶40}** "THE DEFENDANT: I laid over there all this time.  I thought about it.  I thought about it.  I thought about it.

**{¶41}** "THE COURT: That's not what I'm asking.  The facts haven't changed. You just changed your mind.

**{¶42}** "THE DEFENDANT: Well, in my mind, the facts have changed.

**{¶43}** "THE COURT: What facts have changed?

**{¶44}** "THE DEFENDANT: From the beginning, I didn't think I was guilty.  But then I talked to my attorney, and I guess he had talked to the prosecutor about something, some paperwork that I initialed and signed.  I believe it was June the 24th the last time I was in front of you.  And then I went back to the jail.  I thought about it.  I decided I think I'm going to plead guilty.

**{¶45}** "THE COURT: Based upon your reasoning, I'm going to deny your request to withdraw your plea of guilty.  So we'll go forward with sentencing.  That will be all."

**{¶46}** Tr. at 5-7.

{¶47} A "change of heart" is not sufficient justification to permit withdrawal of a guilty plea. *State v. Lambrose* (1988), 44 Ohio App. 3d 102.

{¶48} Based upon the above, we find the trial court did not abuse its discretion in denying Appellant's motion to withdraw Appellant's guilty plea.

{¶49} The second assignment of error is overruled.

{¶50} Appellant's conviction and sentence in the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Baldwin, J. concur